**Donna L. KNISLEY (formerly Bell) as executrix for the Estate of Louis R. Bell, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 88–3930.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 1989.

Decided April 25, 1990.

Robert E. Kovacevich, Spokane, Wash., for plaintiff-appellant.

Brian C. Griffin, Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before NORRIS, THOMPSON, and O'SCANNLAIN, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

Decedent Louis Bell was the husband of appellant, Donna Knisley, who brought this suit on behalf of Bell's estate. In 1978 or 1979, they sought a business loan from SeaFirst Bank. The bank agreed to the loan on the condition that Bell would take out a $400,000 term policy insuring his life. Bell applied for the policy in his own name, and named his estate as the beneficiary. However, shortly after the issuance of the policy, Bell decided for tax reasons to name his wife, Knisley, as the policy's owner and beneficiary. On April 10, 1980, Bell executed a document disclaiming any interest in the policy or its proceeds. He also gave Knisley, as a gift, "$351.32, being the first four months' premiums" due on the policy, and declared that his interest in any community property funds used by Knisley to pay premiums was to be considered an inter vivos gift to her. All premiums up to and including October 1980 were then drawn from their joint account, which was owned by them as community property.

Bell died on October 29, 1980, less than a year after the insurance policy was issued, and Donna received $405,683.20 of life insurance proceeds. After the IRS determined that one-half of the proceeds were includable in Bell's estate, the estate paid the resulting estate tax deficiency of $58,054 and filed a claim for refund. After the IRS failed to refund any money, the estate filed this action seeking refund of the alleged overpayment. On cross-motions for summary judgment, the district court ruled for the government.

I

The first issue that Knisley raises is whether any portion of the life insurance

proceeds should have been taxed as part of the estate under § 2035 of the Internal Revenue Code.[1] Section 2035(a) sets forth the general rule that transfers of property made within three years of death are includable in the gross estate. The word "transfer" has been construed broadly, consistent with the statutory goal of " 'prevent[ing] the evasion of the estate tax.' " *First Nat'l Bank v. United States*, 488 F.2d 575, 577 (9th Cir.1973) (quoting *United States v. Wells*, 283 U.S. 102, 117, 51 S.Ct. 446, 451, 75 L.Ed. 867 (1931)).

■ Knisley argues that there was never any transfer because the life insurance policy was put in her name. She contends that in the absence of a transfer, § 2035 is inapplicable, and therefore, no portion of the life insurance proceeds should have been included in the gross estate.

The district court was willing to assume, for the purpose of the disposition, that "[t]he policy was never in Mr. Bell's name, and he never possessed any incidents of ownership ... [and that] the subject policy belonged solely to Mrs. Bell as her separate property." Excerpt of Record ("E.R.") at A–3. Even with these assumptions, however, the district court held that there had nonetheless been a "transfer" and that § 2035(a) required that one-half of the proceeds were properly includable in the gross estate. We agree.

The facts of this case are strikingly similar to the facts of other cases in our circuit where we have held that a "transfer" had

occurred within the meaning of § 2035(a) and that proceeds of the life insurance were includable in the gross estate. Here, as in the other cases, the decedent arranged for the policy,[2] partially paid for it with his share of community funds, which he gifted to his wife for the specific purpose of paying the premiums, and died within three years after the policy came into force. This places the present case on all fours with *Estate of Schnack v. Commissioner*, 848 F.2d 933 (9th Cir.1988), which held that a § 2035 transfer of a life insurance policy occurs when the decedent transfers funds to a third party for the purpose of paying for a life insurance policy. As the court wrote in *Schnack:*

When the decedent is the initiator of the insurance as part of an integrated transaction arranged and regulated by the decedent, the proceeds of the insurance policies are includable in the gross estate. *First National [Bank of Oregon v. United States*, 488 F.2d 575, 576 (9th Cir.1973)]* settled the issue that *the property interest conferred consists of the proceeds of the policies and not merely the premiums paid to date* (quotation omitted).

848 F.2d at 936 (emphasis added).

Under the reasoning of *Schnack*, Bell's transfer to Knisley of his one-half community property interest in the premium payments was equivalent to a transfer of a one-half interest in the right to the policy proceeds. Because the transfer was made within three years of Bell's death, one-half

1. Section 2035 provides in relevant part:
   (a) Inclusion of gifts made by decedent.—Except as provided in subsection (b), the value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, during the 3–year period ending on the date of the decedent's death.
   (b) Exceptions.—Subsection (a) shall not apply—
   (1) to any bona fide sale for an adequate and full consideration in money or money's worth, and
   (2) to any gift to a donee made during a calendar year if the decedent was not required by section 6019 ... to file any gift tax return for such year with respect to gifts to such donee.

Paragraph (2) shall not apply to any transfer with respect to a life insurance policy.
26 U.S.C. § 2035 (1979 & West's Supp.1988). We look to the version of § 2035 that was in effect on October 29, 1980 when Bell died.

2. Although Knisley argues that SeaFirst Bank was the initiator of the policy, there is no merit to that argument. Bell acquired the policy and decided who would retain ownership of it. He was clearly "the initiator of the insurance as 'part of an integrated transaction arranged and regulated by the decedent.' " *Estate of Schnack v. Commissioner*, 848 F.2d 933, 936 (9th Cir. 1988) (quoting *Estate of Kurihara v. Commissioner*, 82 T.C. 51, 63 (1984) (Whitaker, J., concurring)).

of the proceeds must be included in the gross estate under the requirements of subsection (a).

## II

█ The only issue remaining is whether the exception of subsection (b)(2) applies, an issue that was not addressed in *Schnack. See id.* ("Appellee does not claim that [the § 2035(b)(2)] exception operates to preclude inclusion of the insurance proceeds in this case.").

Knisley contends that because Bell's gift of his one-half interest in the premiums added up to less than $3,000, the transfer falls within the subsection (b)(2) exception for gifts for which no gift tax return is required to be filed ("the small gift exception"). Knisley argues that Bell's one-half interest in the premiums constitutes a small gift, so that neither it nor the one-half interest in the proceeds is includable as part of the gross estate. As to the statutory language which says that the small gift exception "shall not apply to any transfer with respect to a life insurance policy[,]" 26 U.S.C. § 2035(b)(2), Knisley argues that the phrase "with respect to a life insurance policy" means only with respect to the transfer of ownership of the policy, and not with respect to the transfer of funds for the payment of premiums.

The government argues, and the district court agreed, that application of the small gift exception is precluded in this case by the statutory language making the exception inapplicable to "any transfer with respect to a life insurance policy." 26 U.S.C. § 2035(b)(2). The district court rejected Knisley's suggestion that this language referred only to the transfer of ownership of a policy, reasoning that "[t]he Court is not free to disregard the more expansive qualifying language addressing transfers 'with respect to' such a policy, and must therefore conclude that a transfer of the wherewithal with which to purchase a policy is also embraced by the statute." E.R. at A–5. The district court therefore agreed with the government that the statutory language barred application of the (b)(2) exception in this case.

We agree with the district court's reasoning. The phrase "with respect to" is clearly broad enough to encompass Bell's transfer of his one-half interest in the premium payments. As the district court observed, if Congress had wanted to limit the exception to the small gift exception to the transfer of ownership of a life insurance policy, then it would have said so. Quite simply, Congress could have said that the small gift exception did not apply to "any transfer *of* a life insurance policy" rather than to "any transfer *with respect to* a life insurance policy," but it did not do so. We believe that the phrase "with respect to a life insurance policy" means "with respect to the transfer of funds with which to purchase a life insurance policy," as well as "with respect to the transfer of ownership of a life insurance policy." We see no justification for appellant's restrictive reading of the statutory language.

For the reasons stated above, the district court's judgment is AFFIRMED.