947 F.2d 950
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mozelle LESTER, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 90-56259.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1991.*
Decided Oct. 22, 1991.
 
 Before SCHROEDER, LEAVY and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mozelle Lester, widow of Roy Lester and the executrix of his estate, appeals from the district court's entry of summary judgment in favor of the government on her claim for a refund of federal estate taxes. Mrs. Lester argues that the district court erred by upholding the government's position that one-half of the proceeds of an insurance policy on her husband's life were includable in his gross estate. We review de novo, see Goodwin v. United States, 935 F.2d 1061, 1064 (9th Cir.1991), and we affirm.
 
 
 3
 At the time of Roy Lester's death on May 16, 1981, section 2035 of the Internal Revenue Code of 1954 ("I.R.C.") provided, in relevant part, as follows:
 
 
 4
 (a) Inclusion of gifts made by decedent.--Except as provided in subsection (b), the value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer ... during the 3-year period ending on the date of the decedent's death.
 
 
 5
 (b) Exceptions.--Subsection (a) shall not apply--
 
 
 6
 * * *
 
 
 7
 * * *
 
 
 8
 (2) to any gift to a donee made during a calendar year if the decedent was not required ... to file any gift tax return for such year with respect to gifts to such donee.
 
 
 9
 Paragraph (2) shall not apply to any transfer with respect to a life insurance policy.
 
 
 10
 In First Nat'l Bank of Oregon v. United States, 488 F.2d 575 (9th Cir.1973), we construed "transfer" under I.R.C. § 2035 as applying to life insurance transactions designed to avoid estate taxes. Id. at 577 ("There is only a formal difference between a decedent first buying a policy, then transferring it to the beneficiary, and the beneficiary purchasing the policy at the urging of the decedent and with the decedent's funds"). Since our decision in First National, we have twice had occasion to determine what constitutes a "transfer" for purposes of I.R.C. § 2035.
 
 
 11
 In Estate of Schnack v. C.I.R., 848 F.2d 933 (9th Cir.1988), we reversed the Tax Court's ruling that the proceeds of an insurance policy owned by the husband on the life of his deceased wife were not includable in her gross estate. In reaching that result we noted, inter alia, that the checks she wrote to pay the insurance premiums had been drawn on their joint checking account from a bank in a community property state. Id. at 938. Similarly, in Knisley v. United States, 901 F.2d 793 (9th Cir.1990), we upheld the district court's ruling that a husband had made a "transfer" within the meaning of I.R.C. § 2035 by making inter vivos "gifts" to his wife in amounts equal to the cost of the insurance premiums on a policy she held on his life because, inter alia, the "gifts" were represented by checks drawn on their joint account at a bank in a community property state. Id. at 795. In addition, the decedents in both the Schnack and Knisley cases had been involved to some extent in obtaining the insurance, either by direct purchase or by acquiescing in its purchase, for reasons of tax avoidance.[1]
 
 
 12
 Here, the uncontroverted facts before the district court showed that (1) the appellant paid the insurance premiums with checks drawn on their joint account at a bank located in a community property state, and (2) both the appellant and her husband met, separately and together, on several occasions with their neighbor--an insurance agent[2]--and discussed the possibility of the appellant's obtaining insurance coverage on her husband's life in such a way that the proceeds therefrom would not constitute any part of his taxable estate. Under the circumstances, we find no error in the district court's ruling in favor of the government.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The appellant is correct in pointing out that none of our prior decisions construing I.R.C. § 2035 in the context of life insurance "transfers" have turned solely on the fact that premium payments had been made by checks drawn on a joint account in a bank located in a community property state. However, in Estate of Schnack we indicated that, under some circumstances at least, such might be the case. See 848 F.2d at 938 ("Even if we assume that William was the sole actor and that he purchased a policy which constituted his separate property, the reasoning and result of [Estate of] Hass [v. Commissioner, T.C. Memo 1986-64, p 86,063 P-H Memo T.C. (1986) ] apply. The spouse 'purchased separate property with community funds. The translation of community property into separate property involves a transfer by one spouse of his interest in those community funds to the other spouse.' Hass, p 86,063 at 242"). However, for the reasons stated above we need not and do not reach this issue
 
 
 [2]
 We reject the appellant's curious argument that the uncontroverted affidavit of James Brasher, attached to her complaint, was somehow off-limits for the district court to consider in ruling on the motion for summary judgment. See Fed.R.Civ.P. 56(c) ("The judgment sought shall be rendered forthwith if the pleadings ... and ... affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law")