**COLORADO PROPERTY ACQUISI-
TIONS, INC., a Colorado
corporation, Plaintiff–Appellee,**

v.

**UNITED STATES of America,
Defendant–Appellant.**

**No. 87–2564.**

United States Court of Appeals,
Tenth Circuit.

Jan. 24, 1990.

Allan C. Beezley (John F. Hensley with him on the brief) of Dietze, Davis and Porter, P.C., Boulder, Colo., for plaintiff-appellee.

Ernest J. Brown, U.S. Dept. of Justice, Washington, D.C. (William S. Rose, Jr., Asst. Atty. Gen., Gary R. Allen, William S. Estabrook and Joan I. Oppenheimer, Dept. of Justice, Washington, D.C., Robert N. Miller, U.S. Atty., Denver, Colo., of counsel), for defendant-appellant.

Before HOLLOWAY, Chief Judge, BRORBY, Circuit Judge, and BOHANON,* Senior District Judge.

BRORBY, Circuit Judge.

This case involves the adequacy of the method of delivery of a notice of nonjudi-

---

* The Honorable Luther L. Bohanon, Senior United States District Judge for the Western District of Oklahoma, sitting by designation.

cial foreclosure to the IRS and the relative priority between a certificate of purchase and an IRS lien under Colorado law.

The facts are both simple and undisputed. In 1982 a bank loaned taxpayer approximately $32,000 and secured this debt with a first deed of trust upon specified real property. The deed of trust was properly and timely recorded. In 1983, the Denver office of the IRS recorded a Notice of Federal Tax Lien for approximately $19,000 against the taxpayer's property. This notice was properly recorded. The taxpayer failed to make the required payment owing to the bank and in January 1986 the bank instituted nonjudicial foreclosure proceedings. Written notice of the foreclosure was sent to the Denver office of the IRS. This notice was sent via regular mail and was neither registered nor certified. No personal service of the notice was obtained. The notice failed to contain certain information required by IRS regulation including the identity of the internal revenue district filing the notice of lien and the date and place of the filing of the notice of lien. The IRS failed to notify the sender of the notice of any inadequacy in the contents of the notice. The sale was held in February, 1986. The bank was the successful bidder and it received the public trustee's certificate of purchase. The IRS did not redeem the property. The bank subsequently assigned the certificate of purchase to Appellee (Colorado Property). Colorado Property commenced this suit in October 1986 to quiet title to the property.

Both parties filed motions seeking summary judgment. The trial court, relying upon the applicable IRS regulation,[1] held that the IRS had actual notice of the foreclosure sale and that the IRS waived the deficiencies by failing to notify the public trustee, the sender of the notice, of its

error. 665 F.Supp. 878. The trial court further stated:

> To allow the IRS to rely on technical noncompliance with the notice requirement and thereby stymie the normal foreclosure process would itself thwart the public interest.

The trial court therefore granted Colorado Property's motion for summary judgment and the IRS appeals.

The IRS raises several issues, however, the only issue which warrants discussion is whether or not the statutory method of delivery of the foreclosure notice is mandatory. We hold that the statutory requirement of delivery by registered or certified mail or personal service is mandatory and we therefore reverse the decision of the District Court.

Colorado Property asks us to hold as a matter of law that its lien was not extinguished by virtue of the public trustee's sale and continues as a lien with priority over the lien of the IRS. We agree with Colorado Property and so hold.

### The Method of Delivery of the Notice

■ The foreclosure notice was not sent to the IRS by either registered or certified mail nor was personal service made as required by the applicable statute.[2] The District Court determined that the IRS had actual notice.

The statute uses clear and simple language. It provides that notice of a sale *shall* be given by registered or certified mail or by personal service. The statute allows for no alternative to the specified methods of delivery. When the meaning of a statute is clear from its face, resort to rules of statutory construction or legislative intent is unnecessary.

The applicable IRS regulation[3] is consistent with the statute. This regulation also

---

1. 26 C.F.R. § 301.7425–3(d)(2) provides:

    In any case where the person who submitted a timely notice which indicates his name and address does not receive, more than 5 days prior to the date of the sale, written notification from the district director that the notice is inadequate, the notice shall be considered adequate for purposes of this section.

2. Section 7425(c)(1) of the Internal Revenue Code provides as follows:

    *Notice of Sale.*—Notice of a sale ... shall be given (in accordance with regulations prescribed by the Secretary) in writing, by registered or certified mail or by personal service. ...

3. 26 C.F.R. § 301.7425–3(a)(1).

requires notice to be given in writing by registered or certified mail or by personal service.

The mandatory statutory language which sets forth a particular and specific method of delivery of notice demonstrates beyond argument that other methods of delivery of the foreclosure notice, such as service by ordinary mail as occurred in the instant case, are impermissible. As the Supreme Court stated in *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 20, 100 S.Ct. 242, 247, 62 L.Ed.2d 146 (1979) (quoting *Botany Worsted Mills v. United States*, 278 U.S. 282, 289, 49 S.Ct. 129, 132, 73 L.Ed. 379 (1929)): " 'When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode.' " Congress has the right to specify a particular method of delivery of notice and when it does so the statutory requirement must be met in order to effect a valid notice.

We recognize the harshness of this rule. This rule allows the IRS to receive actual notice, as it did in the instant case, ignore the notice and still retain the right to levy upon the property. The remedy, if any there is to be, must come from Congress and not from the Courts.

The argument is made that the method of delivery should be treated as inadequate notice as did the trial court. We cannot agree. The IRS has promulgated a regulation,[4] which provides that in any case where timely notice of foreclosure including the name and address of sender is given, the IRS must notify the sender of the inadequacies of the notice if the district director deems the notice to be inadequate. In other words, the regulation requires affirmative action by the IRS if the district director deems the notice of foreclosure to be inadequate. It is this regulation upon which the trial court grounded its decision.

However, a distinction must be drawn between an inadequate notice, that is a notice which does not contain the required information, and a notice which is improperly delivered. Section 7425(c)(1) of the Internal Revenue Code mandates this distinction. The statute provides that notice shall be given (in accordance with applicable regulations) by registered or certified mail or by personal service. The plain language of the statute mandates the method of delivery of the notice. The statute permits the IRS to promulgate regulations as to the form, content and other matters concerning the notice itself. It is these matters which may result in an inadequate notice. The method of delivery of the notice has been directed by Congress and as such is mandatory.

When a notice of foreclosure is technically deficient, then the regulation requires the IRS to come forward and specify the inadequacy. This the statute permits. When the method of delivery of the foreclosure notice fails to meet the statutory requirements then the IRS has been given no notice and the notice cannot be regarded as incomplete or inadequate under the applicable regulation. The statutory requirements concerning delivery must be met in order to effect a valid notice.

### The Lien of Colorado Property

Colorado Property urges us to affirm the judgment of the District Court on an alternative ground.[5] It argues that its lien was not extinguished by virtue of the public trustee's sale and that it continues as a lien with priority over the lien of the IRS. It asserts that new and adequate notice can be given and the IRS will suffer no prejudice as it will then be given the opportunity to participate in the sale and redeem the property.

The IRS, on the other hand argues that Colorado Property's failure to comply with

---

4. 26 C.F.R. § 301.7425–3(d)(2).

5. This argument was made to the trial court. However, the trial court's disposition of the case made a ruling on this issue unnecessary. The parties fully briefed this issue to this Court. When dispositive, indisputable, alternative grounds appear in the record and are raised on appeal, an appellate court may rely on them to sustain the judgment of the trial court. *Pullman v. Chorney*, 712 F.2d 447, 449 (10th Cir. 1983) (citing *California Bankers Ass'n v. Shultz*, 416 U.S. 21, 71, 94 S.Ct. 1494, 1522, 39 L.Ed.2d 812 (1974)).

I.R.C. § 7425 means that the IRS lien is now paramount to any lien that Colorado Property may have. It argues this result is dictated by the plain language of I.R.C. § 7425.[6]

We view our recent decision in *United States v. State of Colorado*, 872 F.2d 338 (10th Cir.1989), as being dispositive. In *Colorado*, the State seized personal property of the taxpayer for the purpose of protecting its lien. The State subsequently sold the seized property pursuant to Colorado law. The State did not give prior notice of the sale to the IRS as required by I.R.C. § 7425(c)(1). In deciding the case we held that we look to state law in determining what constitutes a property interest to which a federal tax lien may attach. *Id.* at 340. We then analyzed Colorado law and held that the doctrine of merger does not automatically apply and specifically held that under Colorado law the question of merger depends upon intent. *Id.* We also determined that Colorado law requires that if no actual intention to preserve the lien has been expressed then such an intent will be presumed from what appears to be the best interest of the party as shown by all the circumstances and if his interests require the encumbrance to be kept alive, his intention to do so will be inferred. We went on in *Colorado*, to analyze essentially the same arguments presented to us in this case. We held the State's purchase of the seized property at the tax sale did not extinguish the State's tax lien, and we further held the State's lien retained its priority over the federal lien despite the fact that the State failed to give notice prior to the sale. *Id.* We therefore hold as a matter of law that Colorado Property's lien was not extinguished by its purchase at the public trustee's sale and we hold that Colorado Property's lien retained its priority over the federal lien. We REVERSE and REMAND this case to the District Court for such further proceedings as may be necessary, such proceedings to be consistent with this opinion.

---

**6.** Section § 7425(b) of the Internal Revenue Code provides that "... a sale of property on which the United States has or claims a lien ... shall ... be made subject to and without disturbing such lien ... if notice of such lien ... is not given ... in the manner prescribed...."