John J. KULAWY, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 748, Docket 89–6200.

United States Court of Appeals, Second Circuit.

Argued Feb. 2, 1990.

Decided Oct. 25, 1990.

John J. Kulawy, Rockville, Conn., pro se.

Joel A. Rabinovitz, Asst. U.S. Atty., Hartford, Conn. (Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, Kenneth L. Greene, Attys., Tax Div., Dept. of Justice, Washington, D.C., Stanley A. Twardy, U.S.

Atty., Hartford, Conn., on the brief), for defendant-appellee.

Before OAKES, Chief Judge, and KEARSE, and FLETCHER,* Circuit Judges.

KEARSE, Circuit Judge:

Plaintiff *pro se* John J. Kulawy appeals from a final judgment of the United States District Court for the District of Connecticut, Ellen Bree Burns, *Chief Judge*, dismissing his action against the United States pursuant to 28 U.S.C. §§ 1340 and 2410(a) (1988) to quiet title to certain of his personal property based on alleged procedural irregularities in the seizure and sale of that property by the Internal Revenue Service ("IRS") in violation of various provisions of the Internal Revenue Code ("Code"), 26 U.S.C. §§ 6211 *et seq.* (1988), and the Fourth Amendment to the Constitution. The district court granted summary judgment on the ground that the IRS had complied with most of the statutory prerequisites to the seizure and sale and that its failure to comply with the 10–day public notice requirement of 26 U.S.C. § 6335(d), was a *de minimis* and nonprejudicial error. On appeal, Kulawy contends, *inter alia*, that the government's failure to comply strictly with the notice requirements of the Code is ground for invalidating the sale of his property. For the reasons below, we vacate the judgment and remand for further proceedings.

## I. BACKGROUND

Most of the facts are not in dispute. Kulawy filed no federal income tax returns for the years 1982, 1983, and 1984. In November 1987, the IRS issued a statutory notice of deficiency to Kulawy for those years; in May 1988, it assessed the amount of tax due and sent Kulawy notice of the assessments and a demand for payment. Such an assessment automatically creates a statutory lien in favor of the government on all of the taxpayer's real or personal property and rights to property. 26 U.S.C. §§ 6321, 6322.

Kulawy made no payments, taking the position that he was not subject to the federal income tax. In August 1988, the IRS sent him a notice, by certified mail, of its intent to levy on his personal property. On October 26, 1988, having obtained a Writ of Entry from a United States Magistrate, IRS agents seized from Kulawy two restored Chevrolet Corvettes and personally served him with a notice of the seizure. Thereafter, by certified mail, the IRS sent him a notice that the automobiles would be sold on November 17, 1988.

On November 15, Kulawy commenced the present action *pro se* to quiet title to the automobiles alleging, *inter alia*, that the IRS (1) had failed to assess his tax liability in accordance with the procedures required by the Code, (2) had failed to send him the notice and demands required by 26 U.S.C. § 6303(a), (3) had failed to serve the notice of sale on him personally as required by 26 U.S.C. § 6331(d), (4) had failed to publish or circulate a public notice of sale as required by 26 U.S.C. § 6335, and (5) had violated his Fourth Amendment rights by executing an abusive and overly broad Writ of Seizure. The prayer for relief sought principally the invalidation of the seizures, a declaration that the government had no right, title, or interest in the vehicles, and an injunction against any assertion of title by any purchaser of the vehicles from the government. Kulawy promptly moved for a preliminary injunction against the sale. The government agreed to postpone sale of the automobiles pending a hearing on the motion.

Following a hearing on November 23, 1988, at which the government introduced, *inter alia*, evidence of its assessments, notices, and demands, the district court denied Kulawy's motion for a preliminary injunction. The court found that Kulawy had not established either irreparable harm or a likelihood of success on the merits of his claims. At the hearing, the govern-

---

* Honorable Betty B. Fletcher, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

ment served Kulawy with notice that the sale was rescheduled for 10 a.m. on December 5, 1988. It also informed the court that it would give public notice of the sale by November 25.

On December 5, 1988, prior to the scheduled sale of his property, Kulawy filed a new motion to enjoin the sale. In addition to repeating some of the claims asserted in connection with his November 15 motion, Kulawy contended that the IRS's public notice of the December 5 sale was deficient because it had not been made 10 days in advance as required by § 6335(d). In support of the latter allegation, Kulawy submitted an affidavit from the billing clerk of the *Hartford Courant,* stating that notice of the sale had appeared in that newspaper on November 27. That notice thus appeared eight days prior to the scheduled sale.

The sale of Kulawy's property took place as scheduled on December 5. The district court denied the motion for a preliminary injunction on December 6.

In March 1989, the government moved for summary judgment dismissing the complaint on the ground that the district court lacked subject matter jurisdiction because, *inter alia,* (1) the action had been rendered moot by the sale of the property, and (2) 28 U.S.C. § 2410 does not waive sovereign immunity to quiet-title actions where the United States no longer has any interest in the property. In a Ruling on Defendant's Motion for Summary Judgment dated August 4, 1989 ("Ruling"), the district court rejected the government's jurisdictional arguments but granted summary judgment dismissing the complaint on the merits.

The court found that the documentary evidence produced by the government at the November 23 hearing was sufficient to show that procedurally valid assessments had been made and that the requisite notices and demand letters had been timely sent. As to Kulawy's contention that the IRS had failed to give the required 10 days' public notice of the December 5 sale, the court ruled that the government's eight days' notice was only a *de minimis* non-

compliance and that Kulawy had failed to show any resulting prejudice:

> The statute ... provides that '[t]he time of sale shall not be less than 10 nor more than 40 days from the time of giving public notice....' [26 U.S.C.] § 6335(d). According to the plaintiff, this provision was not complied with in this case.... The IRS neither contested this point nor briefed the implications of the shortened public notice period.
>
> The court does not agree that the shortened public notice period is grounds for rescinding the sale of plaintiff's vehicles. The purpose of the publication requirement in § 6335(d) presumably is to attract prospective purchasers to the tax sale. Such persons attended this sale and the vehicles were sold above the minimum bid price established by the IRS. Mr. Kulawy makes no claim, for example, that the notice was inadequate to draw sufficient bidders, thus jeopardizing any equity he would have had in the sale proceeds. The de minimis timing error in this case was not grounds for entering a temporary injunction in Mr. Kulawy's favor, nor is it grounds for declaring the sale null and void.
>
> Accordingly, summary judgment must enter for the defendant.

Ruling at 8.

## II. DISCUSSION

On this appeal, Kulawy mounts various procedural, evidentiary, and substantive challenges to the district court's decision dismissing his complaint. The government contends that the court should have dismissed the action for lack of jurisdiction. For the reasons below, we conclude that the district court correctly ruled that it had jurisdiction of the suit, but that it erred in ruling that strict compliance by the government with § 6335(d) was not required and in granting summary judgment against Kulawy on the present record. We conclude that Kulawy's other arguments are without merit and do not warrant discussion.

## A. The Government's Jurisdictional Arguments

Invoking principles of sovereign immunity, which prevent suits against the United States except as it has consented to be sued, the government contends that the judgment dismissing the complaint should be affirmed on the ground that the district court lacked jurisdiction over the present case. It argues (1) that Kulawy impermissibly sought to raise questions with regard to his liability for assessed taxes, questions as to which the government has not waived its sovereign immunity in a suit under § 2410, and (2) that even if the court originally had jurisdiction, its jurisdiction was lost once the government sold the automobiles. We disagree.

 It is well established that the United States may be sued only to the extent that it has waived sovereign immunity by enacting a statute consenting to suit. *See United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). The absence of such consent is a jurisdictional defect. Section 1340 of 28 U.S.C. gives the federal district courts "original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue," 28 U.S.C. § 1340 (1988), but as a general jurisdictional statute, it does not of itself constitute a waiver of sovereign immunity. *See, e.g., Falik v. United States*, 343 F.2d 38, 40 (2d Cir. 1965).

 Section 2410(a) waives the federal government's sovereign immunity for certain types of actions. It provides, in pertinent part, that the United States may be sued

in any civil action or suit in any district court, or in any state court having jurisdiction of the subject matter—

(1) to quiet title to,

. . . .

real or personal property on which the United States has or claims a mortgage or other lien.

28 U.S.C. § 2410(a). This section does not authorize a taxpayer to challenge an IRS assessment of his tax liability. *See, Falik v. United States*, 343 F.2d at 42; *Schmidt*

*v. King*, 913 F.2d 837, 838 (10th Cir.1990); *Elias v. Connett*, 908 F.2d 521, 527 (9th Cir.1990). But since the assessment results automatically in a lien on the taxpayer's property, *see* 26 U.S.C. §§ 6321, 6322, the taxpayer may bring an action under § 2410(a)(1) to challenge procedural irregularities in the seizure and sale of his property following such an assessment, *see, e.g., Aqua Bar & Lounge, Inc. v. United States*, 539 F.2d 935, 938–40 (3d Cir.1976); *Schmidt v. King*, 913 F.2d at 839; *Elias v. Connett*, 908 F.2d at 527; *Popp v. Eberlein*, 409 F.2d 309, 312 (7th Cir.), *cert. denied*, 396 U.S. 909, 90 S.Ct. 222, 24 L.Ed.2d 185 (1969); *see also Pollack v. United States*, 819 F.2d 144, 145 (6th Cir. 1987). As noted by the Third Circuit, the language of the section is sufficiently broad to permit such procedural challenges by the taxpayer, and if a suit under § 2410(a)(1) were not available, "the taxpayer would have no available means of enforcing compliance with the procedures enacted for his benefit." *Aqua Bar & Lounge, Inc. v. United States*, 539 F.2d at 939.

 The present action was appropriately brought under § 2410(a)(1). Though Kulawy may have taken the position prior to the suit and at the November 23 hearing that he is not subject to the federal income tax, his complaint challenged specific procedural violations by the IRS rather than the substance of the IRS's assessment of tax liability against him. The complaint's prayer for relief did not seek a review of his tax liability; it sought only orders and declarations focusing on the property the government had seized to satisfy the assessed liability. Thus, we reject the government's premise that the suit was one to avoid tax liability and its conclusion that the district court therefore lacked jurisdiction.

 We find no greater merit in the government's alternative contention that the district court should have dismissed for lack of jurisdiction once the sale had taken place. The government had a lien on the automobiles at the time the suit was commenced, and the court plainly had jurisdiction at that time. We see nothing in § 2410(a)(1) that permits the government to

oust the court of jurisdiction validly invoked. *Cf. Bank of Hemet v. United States,* 643 F.2d 661, 665 (9th Cir.1981) (28 U.S.C. § 2409a permits quiet-title action where title to the property later sold was still claimed by the government at time complaint was filed).

In sum, we have considered all of the government's arguments on this appeal in support of its contention that the district court lacked subject matter jurisdiction, and have found them to be without merit.

## B. *Kulawy's Challenge to the Granting of Summary Judgment*

■ The government's power to levy on and seize property for tax collection is one of the small number of " 'extraordinary situations' " in which the government may seize property without providing an opportunity for a prior judicial hearing. *Fuentes v. Shevin,* 407 U.S. 67, 90–92, 92 S.Ct. 1983, 1999–2000, 32 L.Ed.2d 556 (1972) (quoting *Boddie v. Connecticut,* 401 U.S. 371, 379, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971)); *see also Pinsky v. Duncan,* 898 F.2d 852, 854–55 (2d Cir.1990). This power to proceed on a "pay first, litigate later" basis is justified by the government's need to make tax collection expeditious. "[T]axes are the life-blood of government, and their prompt and certain availability an imperious need. Time out of mind, therefore, the sovereign has resorted to more drastic means of collection." *Bull v. United States,* 295 U.S. 247, 259–60, 55 S.Ct. 695, 699, 79 L.Ed. 1421 (1935); *see also G.M. Leasing Corp. v. United States,* 429 U.S. 338, 352 n. 18, 97 S.Ct. 619, 628 n. 18, 50 L.Ed.2d 530 (1977); *Phillips v. Commissioner,* 283 U.S. 589, 595–99, 51 S.Ct. 608, 611–12, 75 L.Ed. 1289 (1931).

The legitimacy of allowing the government to seize and sell property prior to adjudication, however, has long been recognized to depend on strict compliance by government officials with the procedures prescribed by law. As Chief Justice John Marshall stated:

That no individual or public officer can sell, and convey a good title to, the land of another, unless authorized so to do by express law, is one of those self-evident propositions to which the mind assents, without hesitation; and that the person invested with such a power must pursue with precision the course prescribed by law, or his act is invalid, is a principle which has been repeatedly recognized in this court.

*Thatcher v. Powell,* 19 U.S. (6 Wheat.) 119, 125, 5 L.Ed. 221 (1821). Thus, "[t]he general rule is that strict compliance with statutory provisions is required to validate tax sales." *Johnson v. Gartlan,* 470 F.2d 1104, 1106 (4th Cir.) (absent ratification by the taxpayer, sale is voidable where IRS has failed to comply with § 6335), *cert. denied,* 414 U.S. 865, 94 S.Ct. 122, 38 L.Ed.2d 85 (1973); *see also Reece v. Scoggins,* 506 F.2d 967, 970–71 (5th Cir.1975) ("§ 6335 permitting the sale at public auction of a taxpayer's land to satisfy a tax deficiency must be strictly construed"); *cf. Fuentes v. Shevin,* 407 U.S. at 91, 92 S.Ct. at 2000 (a prerequisite for summary seizure of property is that "the State has kept strict control over its monopoly of legitimate force" by, *inter alia,* providing standards in a narrowly drawn statute). In keeping with these principles, we have ruled that the government's sale of property after giving only one day's public notice, instead of the 10 days required by §§ 3693(b) and (c) of the 1939 Code, was invalid. *See Margiotta v. United States,* 214 F.2d 518, 522 (2d Cir.1954) (short public notice was one of several "substantial defect[s]").

We note also that the government itself, with respect to quiet-title actions, insists on strict compliance with statutory requirements for notice *to* the IRS. In *Colorado Property Acquisitions, Inc. v. United States,* 894 F.2d 1173 (10th Cir.1990), for example, a lender who had duly recorded a deed of trust on certain property sought to foreclose when the borrower defaulted. After the loan, but before the default, the IRS had recorded a tax lien against the property. The lender sent notice of the foreclosure to the IRS by regular mail, rather than by a method prescribed by the relevant statute, 26 U.S.C. § 7425(c)(1) (service of notice of foreclosure sale must be by registered or certified mail or personal

delivery). The IRS received the letter but did not notify the lender of the notice's noncompliance with the statute, and the foreclosure proceeded as scheduled. After the foreclosure, the purchaser sought to quiet title, and the IRS opposed on the ground that, although it had had actual notice, the statutory requirement of certified or registered mailing had not been met. The district court rejected this argument, but the government appealed. The circuit court ruled in favor of the IRS, holding that the language of the statute was clear on its face and that strict compliance with that language was mandatory: "This rule allows the IRS to receive actual notice, as it did in the instant case, ignore the notice and still retain the right to levy upon the property." *Colorado Property*, 894 F.2d at 1175.

A stickler for enforcing the statutory notice it is entitled to receive, the government should be no less punctilious with respect to the statutory notice it is required to give. The timing-of-notice requirement in § 6335(d) is certainly no less clear and no less important than the method-of-service provision at issue in *Colorado Property*. Section 6335(d) provides that the time at which the government may sell nonperishable personal property it has seized "shall not be less than 10 nor more than 40 days from the time of giving public notice." The evident purpose of the requirement that the sale be preceded by public notice is to ensure that the taxpayer receive credit for his property based on a fair evaluation of that property by a public market. The purpose of the minimum 10–day requirement is to give interested members of the public a reasonable time (a) to become aware of the offering, (b) to consider what they are willing to pay, and, perhaps, (c) to obtain the funds with which to make the purchase. The language and purpose of § 6335(d) require that, where there is noncompliance, the government be held accountable.

▮ We have two difficulties with the district court's dismissal of the complaint in the present case, one procedural and the other substantive. As a procedural matter,

the district court should not have granted summary judgment to the government in reliance on the fact that Kulawy did not come forward with evidence that he was disadvantaged by the short public notice. The government was the party moving for summary judgment. Though it served a statement pursuant to Rule 9(c)(1) of the local court rules, setting forth the material facts as to which it contended there was no genuine issue to be tried, nowhere in that statement was there any suggestion that the effect of its failure to give the full 10 days' public notice was nonprejudicial. Though the record indicates that the prices received exceeded the minimum the government was willing to accept, the government did not assert that higher bids would not have been forthcoming if the full period of notice had been given or that Kulawy had not been otherwise injured as a result of the shortened period. As the court noted, the government "neither contested" Kulawy's contention that the full period of notice was not given "nor briefed the implications of the shortened public notice period." Ruling at 8. Since the government did not make any showing as envisioned by Fed.R.Civ.P. 56(e) as to the effect of the short notice, much less a showing that there was no genuine issue of fact to be tried as to that effect, Kulawy was under no obligation to come forward with a showing on that issue in order to defeat summary judgment.

▮ More importantly, since § 6335(d) is to be enforced strictly, Kulawy should not have the burden of showing prejudice even at trial. Strict enforcement of the statutory procedures, without a showing of prejudice, is especially appropriate with respect to a provision such as § 6335(d), for to prove prejudice resulting from the government's failure to give the requisite notice to the public, a plaintiff would be required to produce retrospective proof as to bids that would have been received from persons whose identities are perhaps entirely unknown.

In sum, we conclude that Kulawy is not required to show prejudice resulting from

the government's improperly short public notice.

## C. *Proceedings on Remand*

 The government, in its challenges to the district court's jurisdiction, has aptly pointed out that in other § 2410 cases in which relief was granted, the plaintiffs named as defendants not only the government but the purchasers of the property as to which title was to be quieted, and that in the present case Kulawy has sued only the government without bringing in the two persons who purchased his automobiles. In the absence of the purchasers, the court cannot grant relief affecting title to the automobiles. " 'No procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable.' " *Crouse–Hinds Co. v. InterNorth, Inc.*, 634 F.2d 690, 701 (2d Cir.1980) (quoting *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975), *cert. denied*, 425 U.S. 903, 96 S.Ct. 1492, 47 L.Ed.2d 752 (1976)). Since in a § 2410 action, only equitable relief affecting title, and not damages, may be awarded, *see, e.g., Murray v. United States*, 686 F.2d 1320, 1326–27 (8th Cir.1982), *cert. denied*, 459 U.S. 1147, 103 S.Ct. 788, 74 L.Ed.2d 994 (1983); *Ringer v. Basile*, 645 F.Supp. 1517, 1526 (D.Colo.1986); *see also Bowen v. City of New York*, 476 U.S. 467, 479, 106 S.Ct. 2022, 2029, 90 L.Ed.2d 462 (1986) (waivers of sovereign immunity are to be strictly construed), the purchasers are necessary parties.

Kulawy would have been hard pressed, of course, to name the purchasers in his original complaint, as the sales had not then occurred. He could, however, have sought leave to add the purchasers once the sales were completed. If he does not do so on remand, the court should dismiss the action. If the purchasers are added as defendants and the court finds it established that the minimum 10–day requirement of § 6335(d) was not met, the court should order a new sale, preceded by the proper period of public notice.

## CONCLUSION

For the foregoing reasons, we vacate the judgment dismissing the complaint and remand to the district court for further proceedings not inconsistent with this opinion.