961 F.2d 216
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Irvin L. ADKINS, Plaintiff-Appellant,
v.
UNITED STATES of America; Commissioner of Internal Revenue
Service; Shawn Chang, Defendants-Appellees.
 No. 91-55223.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 24, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Irvin L. Adkins appeals pro se the district court's dismissal of his action seeking injunctive and declaratory relief from the Internal Revenue Service's ("IRS") levy, seizure, and sale of his real property for failure to file income tax returns or to pay his tax liabilities for tax years 1983 through 1986. Adkins also sought to quiet title against the purchaser of the property, Shawn Chang. The district court found that it lacked subject matter jurisdiction to hear Adkins's claim against the IRS and that Adkins's claim against Chang must be dismissed under Fed.R.Civ.P. 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's dismissal for lack of subject matter jurisdiction of a taxpayer's action against the IRS. See Elias v. Connett, 908 F.2d 521, 523 (9th Cir.1990).
 
 
 4
 * Action to Quiet Title: 28 U.S.C. § 2410
 
 
 5
 Adkins's asserts a waiver of sovereign immunity and thus jurisdiction to hear his claim under 28 U.S.C. § 2410. Section 2410 of the Internal Revenue Code states in pertinent part: "[t]he United States may be named a party in any civil action or suit in any district court ... to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410. We have interpreted section 2410 as a limited waiver of the United States' sovereign immunity in "actions challenging the procedural aspects of tax liens." Arford v. United States, 934 F.2d 229, 232 (9th Cir.1991). "If the government has sold the property prior to the filing of the suit, and no longer claims any interest in the property, § 2410 does not apply." Hughes v. United States, 953 F.2d 531, 538 (9th Cir.1992).
 
 
 6
 Here, the IRS assessed Adkins's for deficiencies and additions to tax for the tax years 1983 through 1986. The IRS seized Adkins's real property to satisfy his tax liability, and on March 28, 1990, sold the property to Shawn Chang at a public auction. On September 20, 1990, Adkins filed his complaint in district court seeking an injunction preventing the IRS from issuing a Director's Deed to Chang and preventing Chang from exercising his rights in the property, declaratory relief setting aside the sale as void, and damages for unauthorized disclosure of taxpayer information. Because it is clear that the IRS claimed no lien or interest in Adkins's property on September 20, 1990, section 2410, does not serve as a waiver of sovereign immunity. See 28 U.S.C. § 2410; Hughes, 953 F.2d at 538; cf. Goodwin v. United States, 935 F.2d 1061, 1063 (9th Cir.1991) (jurisdiction under section 2410 valid where property sold after action was filed and taxpayer filed lis pendens prior to sale). Thus, to the extent Adkins sought to quiet title to the property against the IRS, the district court lacked subject matter jurisdiction to hear his claim.
 
 II
 Injunctive and Declaratory Relief
 
 7
 Adkins also sought injunctive and declaratory relief against the IRS.
 
 
 8
 The Anti-Injunction Act ("Act") prohibits a taxpayer from bringing a "suit for the purpose of restraining the assessment or collection of any tax...." 26 U.S.C. § 7421(a). The Act is strictly enforced. See Maxfield v. United States Postal Serv., 752 F.2d 433, 434 (9th Cir.1984). Aside from statutory exceptions that are inapplicable here, one judicial exception to the Act exists. See Elias, 908 F.2d at 523. The taxpayer must demonstrate that "(1) under no circumstances can the government ultimately prevail on the merits; and (2) the taxpayer will suffer irreparable injury without injunctive relief." Id. at 525.
 
 
 9
 Here, Adkins has made no showing of irreparable injury. He, nevertheless, advances several arguments to demonstrate that the IRS could not prevail on the merits. First, Adkins argues that IRS Officer Larry Bahr did not have the authority to seize his property or issue notices concerning the seizure. The record indicates, however, that Officer Bahr was acting within his authority pursuant to a valid delegation of authority to collect taxes from Adkins. See Hughes, 953 F.2d at 536. Second, Adkins argues that the IRS failed to send him notices of assessment and demand for payment as required by 26 U.S.C. § 6303(a). The record indicates, however, that such notices were sent to Adkins and that he admitted receiving them. Third, Adkins claims that the sale of the property did not occur within 40 days of the notice of sale he received on February 2, 1990, as required by 26 U.S.C. § 6335(d). Although strict compliance with the time provisions of section 6335(d) is required, the language of the statute requires only that sale of the property occur within 40 days from the date of public notice not from the date notice is given to the taxpayer. See 26 U.S.C. § 6335(d); see also Kulawy v. United States, 917 F.2d 729, 735 (2nd Cir.1990). Lastly, Adkins argues that the property is his principal residence and is thus exempt from levy under 26 U.S.C. § 6334(a)(13). Section 6334(e), however, permits levy on a principal residence if, as here, a district director or assistant district director approves in writing the levy of the property. See 26 U.S.C. § 6334(e).
 
 
 10
 Thus, because Adkins has failed to demonstrate either irreparable injury or, that under any circumstances, the IRS could not prevail on the merits, the Act bars Adkins's claim for injunctive relief. See Hughes, 953 F.2d at 535-36.
 
 
 11
 Finally, Adkins's claim for declaratory relief is barred by the Declaratory Judgment Act which, with the exception of cases arising under 26 U.S.C. § 7428, explicitly excludes a declaratory judgment remedy from cases involving federal taxes. See 28 U.S.C. § 2201; Hughes, 953 F.2d at 536.[1]
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Adkins argues in the alternative that jurisdiction exists under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702. We disagree. The APA waives the government's sovereign immunity in actions seeking non-monetary relief with respect to agency action. 5 U.S.C. § 702. This provision of the APA, however, does not override the limitations of the Anti-Injunction Act, 26 U.S.C. § 7421, or the Declaratory Judgment Act, 28 U.S.C. § 2201. See Hughes, 953 F.2d at 537
 Because we conclude that there is no jurisdiction to hear Adkins's claims against the IRS, we do not consider Adkins's pendant state quiet title claim against Chang as Adkins asserts no independent basis for jurisdiction to hear this claim. See Caterpillar Tractor, Co. v. Williams, 482 U.S. 386, 392 (1987); Munoz v. Small Business Admin., 644 F.2d 1361, 1365 (9th Cir.1981).