963 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles C. COOK; Doris L. Cook, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 90-15226.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1992.
Decided May 28, 1992.
 
 Before HUG, TANG and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Charles and Doris Cook appeal pro se the district court's grant of summary judgment in favor of the United States in the Cooks' quiet title action to set aside the sale of their residence by the IRS. Because the sale had already taken place, the district court held that the case was moot. We affirm.
 
 
 3
 This court reviews de novo a district court's decision with respect to mootness. Stop H-3 Ass'n v. Dole, 870 F.2d 1419, 1423 (9th Cir.1989). The Cooks had preliminary remedies that they chose to ignore. First, they could have appealed the district court's decision denying injunctive relief. Second, the Cooks had six months to redeem the property under Section 6337(b) of the Internal Revenue Code. Their right to redeem has long since expired. Since the Cooks ignored these avenues of relief, the government has sold the property to a third party who has never been named in this action.
 
 
 4
 " 'Generally, an appeal will be dismissed as moot when events occur which prevent the appellate court from granting any effective relief even if the dispute is decided in favor of the appellant.' " Holloway v. United States, 789 F.2d 1372, 1373 (9th Cir.1986) (quoting Matter of Combined Metals Reduction Co., 557 F.2d 179, 187 (9th Cir.1977)). In Holloway, the IRS seized real property and set a date for public sale in circumstances similar to this one. Three days prior to the date set, the Holloways filed the petition to prevent the IRS from conducting the sale. The district court denied their petition, and the Holloways did not seek a stay of the district court order. "The Holloways had an opportunity to prevent the sale of their property through a stay of the order denying their petition for a writ of prohibition. They failed to take advantage of that opportunity and the IRS sold the property." Id. at 1373-74. Because the Holloways failed to stay the proceeding, the court determined that there was nothing left for it to do. " '[W]here an act or event sought to be enjoined has been performed or has occurred, an appeal from the denial of the injunction will be dismissed as moot.' " Id. at 1374 (quoting Combined Metals, 557 F.2d at 189).
 
 
 5
 The Cooks filed an action to quiet title pursuant to 28 U.S.C. § 2410(a). Because they did not take the necessary steps to keep the matter alive, however, this difference from Holloway is irrelevant. For example, in Goodwin v. United States, 935 F.2d 1061 (9th Cir.1991), the tax protestor did not seek an order from the court enjoining the sale of the property pending appeal. He did, however, file a timely lis pendens which preserved his right to pursue the appeal. This court noted that under the pertinent state law, "the timely filing of the lis pendens provides constructive notice to any subsequent purchaser or encumbrancer that a judgment in the pending action will be binding as against them." Id. at 1063 (citing Putnam Sand & Gravel Co. v. Albers, 14 Cal.App.3d 722, 92 Cal.Rptr. 636, 638 (1971)). Goodwin's failure to enjoin the sale prohibited any relief with respect to the sale of the property. The court held, however, that it still had the power to "determine the validity of the seizure and lien foreclosure sale through which the government obtained a District Director's Deed pursuant to 26 U.S.C. § 6338(c)." Id. at 1064. See also Bank of Hemet v. United States, 643 F.2d 661, 665 (9th Cir.1981) (Section 2409(a) permits quiet title action where title to the property later sold was still claimed by the government at the time the complaint was filed).
 
 
 6
 Kulawy v. United States, 917 F.2d 729 (2d Cir.1990), cited by the Cooks, is distinguishable because even though no lis pendens had been filed when the Kulawy sale took place, the plaintiff's claim was still alive, although barely. In Kulawy, the sale occurred one day before the preliminary injunction was denied. Even though it soon would be extinguished, there was an ongoing action on the day of the sale. The government could not "oust the court of jurisdiction." Id. at 734.
 
 
 7
 By contrast, there was no current litigation in this case because the court had denied the Cooks' motion for a preliminary injunction. The sale took place three days after the denial. The Cooks could have but did not file a lis pendens or appeal the denial of the injunction within the three day window. Instead, they only renewed their motion for a temporary restraining order and preliminary injunction six months later in October, one day before the redemption period expired. There was no litigation pending when the government sold the property, and the third parties who purchased the property were never joined in any action against the government prior to the running of the redemption period.
 
 
 8
 Now, the government has no rights in the property, only the proceeds. Under Section 2410(a), the court may only grant equitable relief to quiet title, not award damages. See Kulawy, 917 F.2d at 736; see also Murray v. United States, 686 F.2d 1320, 1326-27 (8th Cir.1982), cert. denied, 459 U.S. 1147 (1983). The redemption period has expired as well, and the third parties, who were never joined in the action, enjoy clean title. The Cooks' action to quite title has been rendered moot.
 
 
 9
 AFFIRMED.