Gilbert Mark CRISP, Rhonda Crisp, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. CV–F–96–6308 OWW SMS.

United States District Court, E.D. California.

May 20, 1997.

Gilbert Mark Crisp, Visalia, CA, pro se.

Rhonda Crisp, Visalia, CA, pro se.

G. Patrick Jennings, U.S. Dept. of Justice, Tax Division, Washington, DC, for U.S.

MEMORANDUM OPINION AND ORDER RE: SUPPLEMENTAL AUTHORITY SUBMITTED ON JURISDICTION TO HEAR CONVERSION–TYPE CLAIM; MOTION FOR LEAVE TO ADD NEW PARTIES

WANGER, District Judge.

### I. INTRODUCTION

On December 4, 1996, Plaintiffs Gilbert Mark Crisp and Rhonda Crisp ("the Crisps") filed a complaint against the government, alleging that the government has no valid lien claims against them based on income tax deficiencies. In a Memorandum Opinion filed on February 25, 1997, the government's motion to dismiss was granted with leave to amend. The Opinion asked for supplemental authority regarding subject matter jurisdiction over the government for the Crisps' conversion-type claim. The Crisps and the government have submitted supplemental authority.

The Crisps have also filed a motion for leave to add new parties; the government opposes this motion.

### II. BACKGROUND

The Crisps timely filed federal income tax returns for the calendar years 1988 and 1989. On April 6, 1995, the Internal Revenue Service ("IRS") issued the Crisps a notice of deficiency pertaining to 1988 and 1989, alleging additional amounts were owed for those years. On June 17, 1996, the IRS recorded a federal tax lien with the Tulare County Recorder against the Crisps' property. On October 25, 1996, the IRS seized 792 shares of stock belonging to Rhonda Crisp to satisfy the alleged 1988 and 1989 tax claims. The IRS auctioned the stock on December 3, 1996. The Crisps filed suit on December 4, 1996.

### III. 12(b)(1) STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction, derived from the Case or Controversy Clause of Article III of the U.S. Constitution. As federal courts are courts of limited jurisdiction, it is presumed that a case lies outside the jurisdiction of the federal courts unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376–78, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). The plaintiff bears the burden of proof that jurisdiction exists. *Thornhill Publishing Co. v. General Telephone & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir.1979). Three different standards apply in the evaluation of a 12(b)(1) motion, depending upon how the motion is made and what it addresses.

First, the 12(b)(1) motion may attack the complaint on its face. *Id.; Mortensen v. First Federal S & L Ass'n*, 549 F.2d 884, 891 (3rd Cir.1977). In such an attack, "the court must consider the allegations of the complaint as true." *Mortensen*, 549 F.2d at 891. The motion will be denied unless the allegations appear to be frivolous. *See Black v. Payne*, 591 F.2d 83, 86 n. 1 (9th Cir.), cert. denied, 444 U.S. 867, 100 S.Ct. 139, 62 L.Ed.2d 90 (1979).

Second, the 12(b)(1) motion may "attack the existence of subject matter jurisdiction in

fact, quite apart from any pleading." *Mortensen*, 549 F.2d at 891. This type of attack is sometimes referred to as a "speaking motion." *See, e.g., Thornhill Publishing Co.,* 594 F.2d at 733. In making this second kind of 12(b)(1) motion, the defendant can "rely on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir.) (citations omitted), cert. denied, 493 U.S. 993, 110 S.Ct. 541, 107 L.Ed.2d 539 (1989). "It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Id.*

> Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, *no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.*

*Mortensen*, 549 F.2d at 891 (emphasis added).

Third, if consideration of the jurisdictional motion also involves factual issues that address the merits of the complaint, the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Trentacosta v. Frontier Pacific Aircraft Industries,* 813 F.2d 1553, 1557–58 (9th Cir.1987).[1]

## IV. DISCUSSION

### A. SUBJECT MATTER JURISDICTION OVER SALE OF STOCK

The government claims once it sold the stock on December 3, 1996, it did not have a lien on the stock, and any waiver of sovereign immunity under 28 U.S.C. § 2410 would no longer apply. The Crisps respond that if the IRS liens were illegal, as they claim, then the stock auction by the government was also illegal.

As stated in the February 25, 1997 Opinion, the Crisps apparently are alleging the government converted their stock. The usual remedy for conversion is a claim under the Federal Tort Claims Act ("FTCA"). *See CHoPP Computer Corp. v. United States,* 5 F.3d 1344, 1347 (9th Cir.1993), *cert. denied,* 513 U.S. 811, 115 S.Ct. 63, 130 L.Ed.2d 20 (1994). In their supplemental briefs, the Crisps and the government agree the FTCA does not waive sovereign immunity for any type of tax collection claim. See 28 U.S.C. § 2680(c). If the Crisps' claim is characterized as a tax collection claim, the Court cannot hear the claim because of the government's sovereign immunity.

The Crisps attempt to recharacterize the claim as a quiet title claim, basing jurisdiction on 28 U.S.C. § 2410. Section 2410 states in relevant part: "the United States may be named a party in any civil action or suit in any district court ... to quiet title ... real or personal property on which the United States has or claims a mortgage or other lien." If the property in which the government claims a lien has been sold before the suit is commenced, a district court has no jurisdiction over the property under § 2410. *Powelson v. United States,* 979 F.2d 141, 145 (9th Cir.1992), cert. denied, 507 U.S. 1029, 113 S.Ct. 1844, 123 L.Ed.2d 468 (1993); *MacElvain v. United States,* 867 F.Supp. 996, 1002 (M.D.Ala.1994) (extensive discussion, citing *Powelson*). The Crisps cite *Kulawy v. United States,* 917 F.2d 729 (2d Cir.1990), as contrary authority, but *Powelson* distinguishes *Kulawy* as a case where the suit was filed before the subject property was sold by the government. *Powelson,* 979 F.2d at 145. *Kulawy* merely holds jurisdiction under § 2410 cannot be ousted by the

---

1. This is "the standard applicable to a motion *for summary judgment." Trentacosta,* 813 F.2d at 1558. However, the 12(b)(1) motion is not "converted" into a motion for summary judgment. *Id.* A motion for summary judgment is a decision on the merits of a case, with *res judicata* effect; a 12(b)(1) motion is not.

government's later sale of the property. 917 F.2d at 733–34.[2]

Whether characterized as a tax collection claim or as a quiet title claim, no subject matter jurisdiction exists over the government for the Crisps' stock sale claim. This claim is DISMISSED WITHOUT PREJUDICE.

## B. MOTION TO ADD NEW PARTIES

The Crisps move for leave to add the purchaser of the stock to their impending amended complaint. They argue supplemental jurisdiction permits the joinder of the purchaser. They argue Rules 19–21 of the Federal Rules of Civil Procedure permit such joinder. The government responds this motion is premature because no amended complaint has been filed. It further responds supplemental jurisdiction cannot be used to join the purchaser where no jurisdiction exists initially.

■ As discussed in section IV.A, the Court has no subject matter jurisdiction over the government for this stock sale claim. In such a situation, the purchaser of the property need not be joined under Rule 19 or Rule 20. *Hughes v. United States,* 953 F.2d 531, 541 (9th Cir.1992). In *Hughes,* the government had put a lien on the plaintiffs' home and then sold it before the plaintiffs filed suit for procedural irregularities in the liens. The plaintiffs sued the government, basing jurisdiction on § 2410. The plaintiffs later moved for leave to add the purchasers of the home to the complaint. The *Hughes* court held because the government had no lien interest in the home when the suit was filed, no jurisdiction under § 2410 over the government existed. 953 F.2d at 538. Regarding the joinder motion, the court held "[b]ecause the [district] court lacked jurisdiction, it did not err in declining to permit the joinder of additional parties. The parties cannot be deemed necessary if the court lacks subject matter jurisdiction over the entire action." *Id.* at 541. The *Hughes* court also stated that "just as ... joinder was not mandated

under Rule 19(a), so too was joinder not required under Rule 20." *Id.* at 541 n. 7.

Here, as in *Hughes,* no jurisdiction over the government exists under § 2410 regarding the property. As in *Hughes,* no claims of wrongdoing unrelated to the property have been made against the purchaser. The Crisps argue jurisdiction over the purchaser exists, based on their unrelated claims against the government, for which they have jurisdiction. In *Hughes,* however, unrelated claims against the government also existed, but this did not permit the exercise of jurisdiction over the purchaser. *See Hughes,* 953 F.2d at 541.

Under *Hughes,* joinder of the purchaser is not mandated under Rule 19 nor required under Rule 20. Adding the purchaser under Rule 21 is improper because under *Hughes,* joinder is improper under Rules 19 and Rule 20. *Hughes,* 953 F.2d at 541; *see Pan Am. Airways v. United States Dist. Ct.,* 523 F.2d 1073, 1080 (9th Cir.1975) (Rule 21 itself sets forth no substantive standards for joinder).

The primary difference between *Hughes* and this case is that 28 U.S.C. § 1367, the supplemental jurisdiction statute, was not in effect for the events occurring in *Hughes.* Section 1367 took effect for complaints filed on or after December 1, 1990, § 1367, Historical & Star. Note; the complaint in *Hughes* was filed in May 1990. Section 1367(a) permits supplemental jurisdiction to be exercised over "claims that are so related to claims within [the court's] original jurisdiction that they form part of the same case or controversy .... Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."

■ Although there is no jurisdiction over the stock claim against the government, there is jurisdiction under § 2410 over the other claims the Crisps allege against the government. Feb. 25, 1997 Opinion 5. Even assuming the stock sale is related enough to these other claims to form the same "case or controversy," exercising supplemental juris-

---

2. The Crisps argue that the lien on the stock is still in existence because if they are returned the stock, the government's lien will still be present. This is incorrect. When the stock was sold by the government, the lien was extinguished. *MacElvain,* 867 F.Supp. at 1003; *see Powelson,* 979 F.2d at 145.

diction is not appropriate. Both the purchaser and the government are necessary parties to resolving the stock claim because "in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable." *Kulawy*, 917 F.2d at 736 (quoting *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975), cert. denied, 425 U.S. 903, 96 S.Ct. 1492, 47 L.Ed.2d 752 (1976)). The government must be involved in any resolution of this claim because the purchaser of the stock is innocent[3] and deserves a refund from the government if the stock is returned to the Crisps. As discussed in section IV.A, the government cannot be made a party for this claim.

This is an "exceptional circumstance" that justifies the declining of supplemental jurisdiction over the purchaser. § 1367(c)(4) (listing "exceptional circumstances" as one reason to decline jurisdiction). Judicial economy and efficiency would not be served by joining the purchaser when complete relief cannot be achieved on this claim, due to the government's absence. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). These are "compelling reasons" under *Gibbs* for declining supplemental jurisdiction. *Executive Software N. Am. v. United States Dist. Ct.*, 24 F.3d 1545, 1558–60 (9th Cir. 1994) (requiring both "exceptional circumstances" and "compelling reasons" before jurisdiction is declined under § 1367(c)(4)).

The Crisps' motion for leave to add new parties is DENIED.

### V. CONCLUSION

For the foregoing reasons,

(1) no subject matter jurisdiction exists over the stock sale; and

(2) the Crisps' motion for leave to add new parties is DENIED.

Counsel for the government shall prepare an order in conformity with this Memorandum Opinion and lodge it with the Court within five (5) days following date of service of the Opinion. Any amended complaint shall be filed within twenty (20) days follow-

ing date of service of the Opinion. As the Feburary 25, 1997 Opinion states, this amended complaint should contain: 1) the specific procedural lapses made by the government in the assessment process and what statutes and/or regulations were violated; and 2) a listing of specific property the Crisps own (or in which they have an interest) on which the IRS has placed liens.

SO ORDERED.

---

**3.** The Crisps have made no allegations of wrongdoing against the purchaser.