Orville R. GOODWIN,
Plaintiff–Appellant,

v.

UNITED STATES of America; Calvin E. Esselstrom; Joseph Phillips, Defendants–Appellees.

No. 90–15192.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 1991.

Decided June 11, 1991.

David M. Kirsch, San Jose, Cal., for plaintiff-appellant.

Steven W. Parks and Kenneth L. Greene, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendants-appellees.

Before CHAMBERS, BEEZER and NOONAN, Circuit Judges.

BEEZER, Circuit Judge:

Orville R. Goodwin appeals the district court's summary judgment order which upheld the government's seizure and sale of his property for delinquent payroll taxes. Goodwin contends that the seizure and sale should be set aside because the government did not literally comply with the notice requirements of 26 U.S.C. § 6335. He also contends that the district court erred by ruling that the statute of limitations had

not expired prior to seizure of the subject property.

## I

In 1974, Goodwin failed to pay payroll taxes amounting to $34,704.98. On July 12, 1976, the Internal Revenue Service (IRS) assessed those taxes, and on July 27, 1976, the IRS filed a notice of federal tax lien on Goodwin's undivided one-half interest in residential real property located at 1709 Gladstone Avenue, San Jose, California (the Gladstone property). From 1976 to 1985, Goodwin entered into various agreements with the IRS to pay the taxes in installments but failed to make any payments. He also signed four separate waiver forms which extended the statute of limitations for collecting the taxes. The last waiver expired on December 31, 1990.

On April 9, 1985, two IRS agents went to the Gladstone property and attempted to deliver a notice of levy and seizure. Goodwin was not there so they mailed the notices by certified mail. Goodwin contacted the IRS, promised to pay the taxes, but made no payments.

On June 19, 1986, the IRS mailed Goodwin a Seizure and Sale Worksheet that stated that the minimum bid price for the Gladstone property would be $32,859.37. Goodwin promised to pay the minimum bid price by July 15, 1986, but made no payment. On July 16, 1986, the IRS posted a Notice of Public Auction Sale to be held on August 5, 1986.

The sale was held, but no bidders appeared. The property was declared sold to the United States at the minimum bid price, pursuant to 26 U.S.C. § 6335(e)(1)(C). On March 24, 1987, the District Director's Deed to the Gladstone property, which had been executed pursuant to 26 U.S.C. § 6338(c), was filed with the Santa Clara County Recorder's Office. On May 26, 1989, Goodwin filed a complaint in district court seeking an order restraining the government from selling the Gladstone property. He alleged that the seizure and sale were invalid because of defective service and because the statute of limitations on the government's right to seize the property had expired.

The district court found that the notice received by Goodwin was sufficient and refused to issue the restraining order. On September 27, 1989, the district court granted the government's summary judgment motion. The court ruled that serving the notices by certified mail satisfied the requirements of § 6335 and further ruled that the statute of limitations had not run.

Goodwin did not seek a stay of the district court's rulings, and on October 10, 1989, the IRS sold the property to a third party. Goodwin timely appealed the summary judgment order, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

## II

Initially we must determine whether the sale of Goodwin's property to a third party has rendered Goodwin's appeal moot. The government contends that Goodwin should have obtained an order from this court enjoining the sale of the Gladstone property pending appeal in order to preserve his rights on appeal. According to the government, once a quitclaim deed was issued to a third party pursuant 26 C.F.R. § 301.7506–1, Goodwin's opportunity for appellate relief in this court was foreclosed.

Goodwin counters with the fact that he filed a Notice of Pendency of Action (lis pendens) prior to the recording of the quitclaim deed. He contends that the timely filing of the lis pendens preserved his rights to pursue this appeal.

Under California law, the timely filing of a lis pendens provides constructive notice to any subsequent purchaser or encumbrancer that a judgment in the pending action will be binding as against them. *See Putnam Sand & Gravel Co. v. Albers*, 14 Cal.App.3d 722, 92 Cal.Rptr. 636, 638 (1971). "A judgment favorable to the plaintiff relates to, and receives its priority from, the date the lis pendens is recorded, and is senior and prior to any interests in the property acquired after that date." *Stagen v. Stewart–West Coast Title Co.*, 149 Cal.App.3d 114, 196 Cal.Rptr. 732, 737 (1983).

The government cites *In re Onouli–Kona Land Co.*, 846 F.2d 1170 (9th Cir. 1988) and *In re The Brickyard*, 735 F.2d 1154 (9th Cir.1984), as authority for its contention that the filing of a lis pendens simply provides notice of a pending action but does not substitute for obtaining a stay pending appeal. Both cases, however, are concerned with the effect a lis pendens has on a sale in bankruptcy in light of the mootness rule in 11 U.S.C. § 363(m).

There is no similar mootness provision in the Internal Revenue Code, and thus our analysis is limited to "whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief." *Stevedoring Services of America v. Ancora Transport*, 884 F.2d 1250, 1253 (9th Cir.1989). Goodwin's action in district court requested both injunctive relief and a judgment to quiet title through a finding that the seizure and sale of the Gladstone property were invalid.

Goodwin's failure to attempt to preserve the status quo pending appeal has forestalled our ability to grant relief on his request that the district court enjoin the government from selling the Gladstone property. However, we may still determine the validity of the seizure and lien foreclosure sale through which the government obtained a District Director's Deed pursuant to 26 U.S.C. § 6338(c). *See Kulawy v. United States*, 917 F.2d 729, 733–734 (2d Cir.1990) (government's sale of automobiles to third party did not moot first party's action against the government to quiet title to those automobiles). This action was correctly instituted under 28 U.S.C. § 2410(a)(1) to quiet title to the Gladstone property. We find "nothing in § 2410(a)(1) that permits the government to oust the court of jurisdiction validly invoked." *Id.* at 734.

Goodwin and the government are before us on appeal. Goodwin filed a timely lis pendens that will render our judgment enforceable against any subsequent purchaser or encumbrancer. Goodwin's appeal of the district court's grant of summary judg-ment against his action to quiet title is therefore not moot.

## III

██ We review de novo the district court's grant of summary judgment. *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). We also review de novo the district court's interpretation of 26 U.S.C. § 6335. *See Batchelor v. Oak Hill Medical Group*, 870 F.2d 1446, 1447 (9th Cir.1989).

Goodwin contends that the seizure and sale of his property was invalid because the IRS failed to comply with the service requirements of § 6335. The requirements in relevant part are as follows:

§ 6335. Sale of seized property

(a) Notice of seizure.—As soon as practicable after seizure of property, notice in writing shall be given by the Secretary to the owner of the property, ... or shall be left at his usual place of abode or business if he has such within the internal revenue district where the seizure is made. If the owner cannot be readily located, or has no dwelling or place of business within such district, the notice may be mailed to his last known address....

(b) Notice of sale.—The Secretary shall as soon as practicable after the seizure of the property give notice to the owner, in the manner prescribed in subsection (a)....

26 U.S.C. § 6335 (1988).

██ The government concedes that under a literal reading of § 6335, service by certified mail, as received by Goodwin, is defective. A literal reading requires the government to have personally served a written notice to Goodwin or to have left the written notice at Goodwin's usual place of abode. The government contends, however, that a literal reading of § 6335 is not required. According to the government, Goodwin cannot demonstrate a lack of actual notice, and therefore he cannot show prejudice resulting from the de minimis noncompliance.

The Second Circuit, in *Kulawy v. United States*, 917 F.2d 729 (1990), recently addressed the question whether there must be strict compliance with the notice requirements of § 6335. The Second Circuit held that the extraordinary powers granted to the government of levying, seizing and selling property for tax collection purposes without prior judicial hearing are dependent upon strict compliance with the procedures prescribed by statute. *Id.* at 734.

Although the notice provision considered by the Second Circuit in *Kulawy*, 26 U.S.C. § 6335(d), concerned notice to potential buyers rather than notice to the property owner, we find the reasoning in *Kulawy* persuasive on the question before us. The concern with ensuring notice to potential purchasers surely could be no greater than the concern with ensuring notice to the property owner that his property is in jeopardy.

Thus, the necessity for complying with § 6335(d) could be no greater than the necessity for complying with §§ 6335(a) and 6335(b). In following the Second Circuit, we hold that the language and purpose of § 6335(a) and § 6335(b) require that the government be held accountable for failure to strictly comply with the procedures prescribed by the two provisions. *See Kulawy*, 917 F.2d at 735.

Moreover, because § 6335 requires strict compliance, Goodwin did not have the burden of demonstrating prejudice. *Cf. id.* As the Second Circuit noted, the government insists that taxpayers strictly comply with statutory requirements in quiet-title actions. *See Colorado Property Acquisitions, Inc. v. United States*, 894 F.2d 1173, 1174–1175 (10th Cir.1990). "A stickler for enforcing the statutory notice it is entitled to receive, the government should be no less punctilious with respect to the statutory notice it is required to give." *Kulawy*, 917 F.2d at 735.

In *Reece v. Scoggins*, 506 F.2d 967 (5th Cir.1975), the Fifth Circuit also addressed the issue of whether § 6335 must be followed literally. As in the instant case, the plaintiff in *Reece* had received actual notice of the seizure and sale. The government, however, had not served the plaintiff in person or left written notice at his usual place of abode as was required by § 6335. The Fifth Circuit required strict compliance with § 6335. *Id.* at 971. Applying reasoning that was adopted by the Second Circuit in *Kulawy*, the Fifth Circuit held that § 6335 is "clear and mandatory" and that "absent literal compliance with its provisions, the government sale of land cannot stand." *Reece*, 506 F.2d at 971.

■ Although we would not apply a literal reading of a statute that required a result demonstrably in conflict with the drafter's intentions, no such apparent conflict exists here. *Cf. United States v. Locke*, 471 U.S. 84, 93, 105 S.Ct. 1785, 1791, 85 L.Ed.2d 64 (1985). Congress has set forth precise requirements for notice of seizure and sale of property in tax deficiency situations. "[W]hen the government seeks to enforce the laws, it must follow the steps which Congress has specified." *Reece*, 506 F.2d at 971. The government did not give Goodwin the notice required by § 6335. Accordingly, as between Goodwin and the government, the seizure and sale of the Gladstone property was invalid.

## IV

■ Goodwin also contends that the district court incorrectly granted summary judgment on the issue of whether the statute of limitations had expired on the government's right to seize and sell the Gladstone property. Goodwin alleges that the statute of limitations issue was not before the district court on the government's motion for summary judgment, and thus the district court should not have reached that issue.

A review of the record indicates that the government moved for summary judgment as to the entire action rather than for a partial summary judgment that was limited to the validity of the notices. Goodwin raised the statute of limitations issue in his complaint, and that issue was put before the district court when the government moved to dismiss the entire action. The government's motion for summary judg-

ment incorporated earlier papers that had addressed the statute of limitations issue. These papers included the declarations of a revenue agent who stated that Goodwin had signed tax collection waiver forms which extended the statute of limitations for the seizure and sale of the Gladstone property.

The statute of limitations issue was raised in the government's motion for summary judgment, and Goodwin failed to raise any material issues of fact in opposition to the motion. The district court, therefore, did not err in granting summary judgment in favor of the government on the issue of whether the statute of limitations had expired.

## V

■ Finally, Goodwin requests attorneys' fees and costs pursuant to 26 U.S.C. § 7430. He is entitled to fees and costs under this provision only if he is able to show that the government's position in this proceeding "was not substantially justified." 26 U.S.C. § 7430(c)(2) (1988). Goodwin has failed to make such a showing, therefore, he is not entitled to any fees or costs on appeal.

## VI

Goodwin's appeal of the district court's order of summary judgment against his action to quiet title to the Gladstone property is not moot. The seizure and sale of the Gladstone property to the government pursuant to 26 U.S.C. § 6335(e)(1)(C) was invalid due to defective notice. The district court correctly granted summary judgment in favor of the government on the issue of whether the statute of limitations had expired on the government's right to seize and sell the property. Goodwin is not entitled to attorneys' fees or costs on appeal.

REVERSED in part; AFFIRMED in part.