952 F.2d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ralph A. ERICKSON; Elsie L. Erickson, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 90-35860.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1992.*
Decided Jan. 14, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ralph A. Erickson and Elsie L. Erickson appeal the district court's dismissal of their 28 U.S.C. § 2410 action challenging the Internal Revenue Service's ("IRS") seizure and sale of their property for unpaid federal income tax liabilities. The Ericksons also seek damages for unlawful disclosure of return information pursuant to 26 U.S.C. §§ 6103, 7431. The Ericksons contend that the IRS' actions were improper because the IRS failed to execute a proper tax assessment pursuant to the procedures set forth in the Internal Revenue Code ("Code"). We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Action to Quiet Title: 28 U.S.C. § 2410
 
 
 4
 Section 2410 of the Code states in relevant part: "[t]he United States may be named a party in any civil action or suit in any district court ... to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410. We have interpreted section 2410 as a limited waiver of the United States' sovereign immunity in "actions challenging the procedural aspects of tax liens." Arford v. United States, 934 F.2d 229, 232 (9th Cir.1991); see Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990). "A taxpayer may not use a section 2410 action to collaterally attack the merits of an assessment." Elias, 908 F.2d at 527.
 
 
 5
 Here, the Ericksons were assessed for tax deficiencies for tax years 1977 through 1981. The IRS seized the Ericksons' real property to satisfy their tax liability and levied on Elsie Erickson's wages. The IRS eventually sold the property on or about May 13, 1988. On May 18, 1988, the IRS filed a Certificate of Release of Federal Tax Lien with respect to Elsie Erickson. On February 22, 1990, the Ericksons filed their complaint in district court.
 
 
 6
 Clearly, the United States claimed no lien interest in the Ericksons' property on February 22, 1990 because the property was sold prior to that date. Cf. Goodwin v. United States, 935 F.2d 1061, 1063 (9th Cir.1991) (jurisdiction under section 2410 valid if property sold after action filed in district court and taxpayer filed lis pendens prior to sale). Similarly, no lien existed as to Elsie Erickson's wages on that date. Therefore, by its terms, section 2410 does not serve as a waiver of sovereign immunity. See 28 U.S.C. § 2410.
 
 II
 Wrongful Disclosure of Return Information
 
 7
 "Section 6103 of the Code provides the general rule that 'returns' and 'return information' are confidential.... Section 7431 of the Code creates a private cause of action by the taxpayer against the United States for improper disclosure of such information and provides for damages." Maisano v. United States, 908 F.2d 408, 410 (9th Cir.1990). An exception to this general rule allows the IRS to disclose
 
 
 8
 return information to the extent that such disclosure is necessary in obtaining information ... with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of this title.
 
 
 9
 26 U.S.C. § 6103(k)(6).
 
 
 10
 Here, the Ericksons argue that the IRS violated section 6103 by disclosing their tax return information when it filed various tax liens and levies against them in connection with the Ericksons' assessed tax liabilities.[1] The disclosures were made to effectuate the liens and levies necessary to collect their liabilities and, accordingly, were not in violation of section 6103. See 26 U.S.C. § 6103(k)(6); Maisano, 908 F.2d at 410 (disclosure in connection with IRS' collection activities allowed). Therefore, the district court properly rejected the Ericksons' claim.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Ericksons' contention is based on their allegation that the IRS' assessments and liens were procedurally invalid because Taxpayers did not receive a notice of assessment and demand for payment pursuant to 26 U.S.C. § 6303(a)