967 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ralph M. MONTGOMERY; Vonda L. Montgomery, Plaintiffs-Appellants,
v.
UNITED STATES of America; William E. Williamson; Marilyn
Williamson, Defendants-Appellees.
 Nos. 91-35558, 91-35710.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 19, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ralph M. Montgomery and Vonda L. Montgomery ("Montgomerys") appeal the district court's summary judgment in their action to quiet title under 28 U.S.C. § 2410 (91-35558) and the district court's summary judgment in their action against the third party purchasers (91-35710). The Montgomerys contend that the district court failed to exercise its discretion by granting the United States summary judgment without first addressing the merits of their pending discovery motion. They also contend that the Internal Revenue Service ("IRS") failed to give proper notice under 26 U.S.C. § 6335. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and affirm in part and reverse in part.
 
 
 3
 * Notice of Seizure and Sale Under 26 U.S.C. § 6335
 
 
 4
 The seizure and sale provision of the Internal Revenue Code requires notice of seizure and sale to be personally served on the taxpayer or left at the taxpayer's residence or business if such address is within the internal revenue district. 26 U.S.C. § 6335(a), (b). The IRS must comply strictly with this provision. Goodwin v. United States, 935 F.2d 1061, 1065 (9th Cir.1991).
 
 
 5
 Here, the IRS sent the notice of seizure and sale to the Montgomerys by certified and regular mail, rather than serving them personally. Moreover, the IRS could have left the notices at the Montgomerys' house because they reside within the internal revenue district. The government concedes that the IRS did not comply with section 6335. Therefore, the government was not entitled to summary judgment on this issue. See id.
 
 II
 Discovery
 
 6
 Under certain circumstances, a party opposing a motion for summary judgment may move for further discovery under Fed.R.Civ.P. 56(f). The district court has the discretion to grant or deny a continuance to permit further discovery. Fed.R.Civ.P. 56(f). Once the opposing party files a motion for discovery satisfying the particulars of Rule 56(f), the district court must exercise its discretion by addressing the merits of the motion. Garrett v. City & County of San Francisco, 818 F.2d 1515, 1519 (9th Cir.1987).
 
 
 7
 Here, the Montgomerys filed a motion for discovery to compel production of documents supporting the Certificates of Assessment (Form 4340). Because Form 4340 is presumptive proof of a valid assessment, Hughes v. United States, 953 F.2d 531, 535 (9th Cir.1992), the Montgomerys' discovery request was futile. Thus, although the district court did not explicitly address the Montgomerys' pending discovery motion before granting summary judgment, we conclude that remand on that issue is not warranted.
 
 
 8
 Each party shall bear their own costs.
 
 
 9
 AFFIRMED IN PART, and REVERSED and REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Therefore, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3