981 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
SAM ELLIS STORE INC., Defendant-Appellee.
UNITED STATES of America, Plaintiff-Appellee,
v.
SAM ELLIS STORE INC., Defendant-Appellant.
 Nos. 91-55969, 91-56466.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1992.
Decided Dec. 7, 1992.
 
 Before POOLE, FERNANDEZ and T.G.NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The United States appeals the district court's award of attorney's fees to taxpayer Sam Ellis Stores, Inc. (the Store), that resulted from a stipulated dismissal of the Government's action to recover an allegedly erroneous income tax refund pursuant to 26 U.S.C. § 7405. The Government claims the district court erred by awarding attorney fee rates exceeding the statutory hourly rate of $75 under 26 U.S.C. § 7430(c)(1)(B)(iii).
 
 
 3
 Sam Ellis cross-appeals claiming the district court erred in failing to award a cost of living adjustment under 26 U.S.C. § 7430(c)(1)(B)(iii) for the attorneys who did not qualify for departure from the hourly rate. Sam Ellis also seeks recovery of fees and costs of appeal pursuant to 26 U.S.C. § 7430.
 
 STANDARD OF REVIEW
 
 4
 The amount of attorney's fees awarded by a district court is generally reviewed for abuse of discretion. Lange v. Penn. Mut. Life Ins. Co., 843 F.2d 1175, 1184 (9th Cir.1988). The trial court's construction of 26 U.S.C. § 7430 is a question of law and is reviewed de novo. Sliwa v. C.I.R., 839 F.2d 602, 605 (9th Cir.1988).
 
 DISCUSSION
 
 5
 * The "Special Factor" Exception
 
 
 6
 The district court granted J. Clancy Wilson, the Store's lead counsel, fees in excess of $75 per hour based on the "special factor" exception of 26 U.S.C. § 7430. This section sets forth a statutory fee cap of $75 per hour "unless the court determines that ... a special factor, such as the limited availability of qualified attorneys for such proceeding, justifies a higher rate." 26 U.S.C. § 7430(c)(1)(B)(iii).
 
 
 7
 The district court's decision was based on three factors: (1) Mr. Wilson's specialized skill as a CPA; (2) Mr. Wilson's specialized skills in the area of tax law, as demonstrated by his certification as a tax specialist by the California State Bar and his prior experience as a U.S. Attorney in the tax division; and (3) the complexity of the issues. We AFFIRM the district court on the basis of the first factor.
 
 
 8
 A. Specialized Skill Based on Certification as a CPA
 
 
 9
 In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court discussed the meaning of the "special factor" exception in the context of a similarly worded exception in the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(2)(A)(ii). In modifying § 7430 to replicate the EAJA "special factor" exception, Congress intended it "to conform ... more closely to the Equal Access to Justice Act." H.R.Conf. Rep. No. 841, 99th Cong., 2d Sess. (1986). Recognizing the nexus between the EAJA and § 7430 in this regard, we rely on the language of Pierce to determine whether a "special factor" exists in the context of § 7430. See also, Bode v. United States, 919 F.2d 1044, 1049 (5th Cir.1990); Heasley v. C.I.R., 967 F.2d 116, 124 (5th Cir.1992).
 
 
 10
 The Pierce Court interpreted the example of a special factor supplied by Congress in the statute. Both § 7430 and EAJA provide that "the limited availability of qualified attorneys for such proceeding" is an example of a special factor. See 28 U.S.C. § 2412(d)(2)(A)(ii); 26 U.S.C. § 7430(c)(1)(B)(iii). The Pierce Court interpreted the "limited availability" language as follows:
 
 
 11
 We think it refers to attorneys having some distinctive knowledge or specialized skill needful for the litigation in question.... Examples ... would be an identifiable practice specialty such as patent law, or knowledge of foreign law or language. Where such qualifications are necessary and can be obtained only at rates in excess of the $75 cap, reimbursement above that limit is allowed.
 
 
 12
 Pierce, 487 U.S. at 572. Thus, under Pierce, we consider three factors: whether there is (1) a specialized skill (2) necessary to the litigation (3) which cannot be obtained elsewhere at the statutory rate.
 
 
 13
 As for the first factor, the Government concedes, and we agree, that a CPA qualifies as a special skill because, much like the practice specialties described in Pierce (i.e., patent law or knowledge of a foreign language), a CPA requires skills above and beyond knowledge of a particular area of the law.
 
 
 14
 As for the second Pierce factor, the Government argues that the district court did not make a required finding that Mr. Wilson's expertise as a CPA was "necessary" to the present litigation because (1) there were other accountants involved in the case, and (2) those accountants could have given a non-CPA lawyer sufficient information to litigate the case. The Government concludes that without such a factual finding of necessity, the district court's decision was erroneous.
 
 
 15
 We disagree. The district court's finding of necessity is implied by the court's conclusion. See Bode, 919 F.2d at 1050. A district court only "abuses its discretion when its decision is based on an erroneous conclusion of law or when the record contains no evidence on which it rationally could have based that decision." Kali v. Bowen, 854 F.2d 329, 331 (9th Cir.1988) (citation and quotation omitted). Here, the district court was clearly aware of the Pierce factors, having cited to that case in the opinion. And, the record contained sufficient evidence of "necessity" upon which the court could have rationally based its decision. For example, the Store's expert accountant testified:
 
 
 16
 [Mr. Wilson] is the only tax litigator I am aware of who has a C.P.A. certificate, as well as a LL.M. in taxation. His C.P.A. training was essential to this case in that it involved a knowledge of recordkeeping procedures and accounting which was simply not present in the government's work. I feel this case required every bit as much specialized and unique training as does a patent dispute.
 
 
 17
 With regard to Pierce 's third consideration, the Government does not contend that there are attorneys in San Diego billing at $75 an hour who are qualified to litigate a case such as this.
 
 
 18
 Thus, under Pierce, we hold Mr. Wilson's expertise as a CPA is a "special factor" for the purposes of section 7430.
 
 
 19
 B. Specialized Skills Based on Expertise as a Tax Specialist
 
 
 20
 In accordance with this court's recent decision in Huffman v. CIR, Nos. 91-70331, 91-70423, slip op. at 13154 (9th Cir. Nov. 4, 1992), we hold the district court erred in determining that tax expertise qualified as a special factor under § 7430. The Huffman court explained:
 
 
 21
 "Section 7430 applies only to tax cases; therefore most of the applications for attorney's fees under it would be to pay attorneys who have brought or defended tax cases. Such lawyers presumably all have a certain degree of 'tax expertise.' To suppose that Congress intended them all to be paid at a higher than $75 an hour rate would allow this 'special factor' exception to swallow the $75 an hour rule."
 
 
 22
 Id. (quoting Cassuto v. Commissioner, 936 F.2d 736, 743 (2d Cir.1991).
 
 C. Complexity of the Issues
 
 23
 In accordance with Pierce, the district court erred in considering the "novelty and difficulty of issues" for the purposes of the "special factor" exception to § 7430. Pierce, 487 U.S. at 573.
 
 II
 Cost of Living Adjustment
 
 24
 In addition to the "special factor" exception, § 7430 also permits a court, in its discretion, to grant more than the statutory limit of $75 per hour when an increase in the cost of living justifies a higher rate. 26 U.S.C. § 7430(c)(1)(B)(iii). We hold that although the district court was silent on this issue, its failure to grant an upward cost of living adjustment for the associate attorneys who received the statutory limit effectively constituted an exercise of its discretion.[1]
 
 III
 Cost of Appeal
 
 25
 Finally, the Store requests attorneys' fees and costs of appeal pursuant to 26 U.S.C. § 7430. The Store "is entitled to fees and costs under this provision only if [it] is able to show that the government's position in this proceeding 'was not substantially justified.' " Goodwin v. United States, 935 F.2d 1061, 1066 (9th Cir.1991) (quoting 26 U.S.C. § 7430(c)(2)).
 
 
 26
 After considering the issues in this case we are satisfied that the Government's position, although not successful, was substantially justified. Therefore, we decline to award attorney's fees.
 
 
 27
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In so holding, we need not reach the Store's argument regarding the baseline date upon which the cost of living adjustment should be measured