19 F.3d 1440
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FARM CREDIT BANK OF SPOKANE, a corporation, successor by
merger to The Federal Land Bank of Spokane,
Plaintiff-Appellee,
v.
William A. BOOHER, Defendant-Appellant.
 No. 92-35423.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 17, 1993.*
Decided March 7, 1994.
 
 Before: BROWNING, NORRIS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Booher appeals the district court's denial of his request for a temporary restraining order and a preliminary injunction to prevent Farm Credit Bank from selling a foreclosed farm that he had previously owned. We dismiss the appeal as moot.
 
 
 3
 * On May 31, 1989, Farm Credit foreclosed on property owned by William, Margaret, and Barbara Booher. In a settlement agreement signed on May 18, 1989, the Boohers reserved a right of first refusal if Farm Credit were to sell the property to a third party. On August 3, 1990, the district court issued its decree of foreclosure.
 
 
 4
 On August 22, 1990, Farm Credit sent the Boohers a notice requiring them to provide Farm Credit with the name and address of the person authorized to exercise the right of first refusal. Attached to the notice was a copy of Montana Code Sec. 25-13-904(2), which requires the immediately preceding owner to provide this information "within 25 days after publication of notice of foreclosure or execution sale is served," or waive the right of first refusal. The Boohers failed to give Farm Credit this information within the statutory time period.
 
 
 5
 In late March 1992, William Booher learned that Farm Credit was going to be selling the property to a third party on April 1, 1992. Booher informed Farm Credit of his intention to exercise his right of first refusal and, on March 30, 1992, requested a TRO and preliminary injunction to prevent the sale. Booher also filed a lis pendens. The district court refused injunctive relief on April 9, 1992, and the sale of the property to the third party proceeded.
 
 II
 
 6
 We conclude that Booher's appeal is moot. Since Booher did not seek a stay preventing the sale of the property pending his appeal, the farm was sold to a third party. We cannot grant any effective relief because we can no longer enjoin the sale. "[A]n appeal will be dismissed as moot when events occur which prevent the appellate court from granting any effective relief even if the dispute is decided in favor of the appellant." Holloway v. United States, 789 F.2d 1372, 1373 (9th Cir.1986) (quotation omitted).
 
 
 7
 Booher argues that his appeal is not moot because he filed a lis pendens, which gave the purchaser notice of Booher's pending action. Under Montana law, a lis pendens serves a purchaser of property with constructive notice of the pendency of an action affecting the title or right of possession of real property. Mont.Code Ann. Sec. 70-19-102. An action is deemed to be pending until the final determination on appeal. Id. Sec. 25-1-103. Therefore, Booher concludes, the lis pendens preserves his case through the appeal.
 
 
 8
 Booher's argument is incorrect for the reason explained in Goodwin v. United States, 935 F.2d 1061 (9th Cir.1991).[1] In that case, the IRS seized the appellant's property and planned to sell it. Goodwin filed a complaint alleging that the seizure and sale were invalid and moved for an order restraining the sale. He also filed a lis pendens. The district court rejected his motion and granted summary judgment to the government. Goodwin did not seek a stay, and the IRS sold the property.
 
 
 9
 Goodwin appealed the district court's decision, arguing that the lis pendens preserved his right to appeal. This court held that the appeal from the denial of the motion for injunctive relief was moot. We explained that "Goodwin's failure to attempt to preserve the status quo pending appeal has forestalled our ability to grant relief on his request that the district court enjoin the government from selling the ... property." Id. at 1064. However, we also held that Goodwin's appeal from summary judgment on the invalid seizure issue was not moot because "Goodwin filed a timely lis pendens that will render our judgment enforceable against any subsequent purchaser." Id.
 
 
 10
 Booher attempts to use Goodwin to support his argument by focusing only on the second part of the court's holding. Nevertheless, it is the first part that is pertinent here. Like Goodwin, Booher is appealing the district court's denial of injunctive relief. This appeal is moot because the only relief that we could grant on such an appeal is to order the sale enjoined. Since the sale has already occurred, this relief is ineffective. Unlike Goodwin's appeal, Booher's appeal does not present a substantive claim; it concerns only the denial of preliminary relief. If Booher had also appealed from a decision that the foreclosure was invalid, for example, the lis pendens would have preserved his appeal on that claim. An appeal of that claim would not be moot because, as in Goodwin, the lis pendens would allow us to enforce a judgment that the foreclosure was invalid against the purchaser.
 
 
 11
 Booher's citations to cases where a lis pendens preserved an action on appeal do not support his argument because these cases do not involve appeals from denials of injunctive relief. In Gookin v. Huntley, 837 P.2d 412, 414 (Mont.1992), the Montana Supreme Court concluded that the appellant's lis pendens gave a new owner of a property notice of a pending action between the appellant and the previous owner that could require the sale of the property to pay damages owed to the appellant. The Utah Supreme Court held in Hidden Meadows Development Co. v. Mills, 590 P.2d 1244, 1247-48 (Utah 1979), that because the appellant had filed a lis pendens, title did not pass to the appellees, who had acquired the property during the appellant's appeal from the dismissal of his case. These cases fail to save Booher's appeal because, unlike the case before us, they involve substantive claims affecting the property.
 
 
 12
 Even if the appeal were not moot, the district court was correct in denying injunctive relief because Booher cannot show a probability of success on the merits. See Miller v. California Pac. Med. Center, 992 F.2d 536, 540, petition for reh'g granted, 2 F.3d 335 (9th Cir.1993). Section 25-13-904 of the Montana Code clearly requires notice within 25 days and does not allow for exceptions. Since Booher did not give notice within 25 days, he has lost his right of first refusal.
 
 
 13
 APPEAL DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Although Goodwin is a California case, California law on lis pendens is the same as Montana law. In California, a lis pendens provides constructive notice to a subsequent purchaser that a judgment in the pending action will be binding against them. 935 F.2d at 1063