19 F.3d 1440
 73 A.F.T.R.2d 94-1762
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John I. MARTIN Plaintiff-Appellant
v.
RUBEL ENTERPRISES, et al., Defendants-Appellees.
 No. 92-56074.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1994.*
Decided March 23, 1994.
 
 1
 Before: CANBY AND T.G. NELSON, Circuit Judges, and SHUBB,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 John I. Martin appeals pro se the district court's summary judgment in favor of Rubel Enterprises and the United States in Martin's quiet title action to set aside the sale of his property. Neither the United States nor Rubel has entered an appearance in this appeal.
 
 
 4
 The appeal presents two issues: (1) whether the district court should have remanded Martin's quiet title action against Rubel to state court; and (2) whether the district court erred in granting summary judgment in favor of Rubel.
 
 I. Factual and Procedural Background
 
 5
 Martin was in debt to the United States for unpaid federal income taxes for the 1982 tax year. On November 16, 1987, the Internal Revenue Service ("IRS") issued an assessment and mailed notice and a demand for payment to Martin. Martin did not pay the assessment.
 
 
 6
 Martin owned a piece of property in San Bernardino County, California. The IRS filed a notice of lien on the property. The property was seized by the IRS and Martin was given notice of the seizure. Notice that the property was to be sold was mailed to Martin on August 18, 1989. The revenue officer handling the case mailed the notice apparently because he felt that Martin was too dangerous to be approached individually by an IRS officer but that Martin would sign for certified mail.
 
 
 7
 On September 1, 1989, the property was sold by the IRS to Raul Rubel. After he paid the purchase price, Mr. Rubel was issued a certificate of sale naming Rubel Enterprises ("Rubel") as the purchaser. Rubel recorded the certificate in San Bernardino County. Martin did not redeem the property, as he could have by paying the sale price plus interest, within 180 days of the sale.[1] The IRS then deeded the property to Rubel and Rubel recorded the deed.
 
 
 8
 On September 4, 1991, Martin filed a quiet title action against Rubel in San Bernardino County Superior Court. Martin alleged that the sale was void because the IRS seized and sold the property without following the applicable federal statutes and regulations. Rubel filed a demurrer to Martin's complaint on the grounds that he failed to state a cause of action and that there was a misjoinder of parties. The superior court ordered Martin to join the United States as an indispensable party. In April 1992 Martin filed an amended complaint naming both the United States and Rubel as defendants. Martin alleged, inter alia, that the IRS had violated the requirements of 26 U.S.C. Sec. 6335 by failing to serve the required notice of the September 1, 1989, sale.
 
 
 9
 The United States removed the action to the United States District Court on May 27, 1992. Martin did not file a motion to remand and both the United States and Rubel promptly filed motions for summary judgment. On June 29, 1992, the court granted their motions. In its order, the court held that Martin's allegations that the sale was procedurally flawed were meritless in all respects. The court found that the sale of Martin's property fulfilled the requirements of 26 U.S.C. Sec. 6335(a), (b), and (d).
 
 
 10
 In its order granting summary judgment, the district court ordered the United States and Rubel to file statements of uncontroverted facts and proposed orders consistent with the court's ruling. The United States filed findings of fact and conclusions of law indicating that it was entitled to summary judgment on the ground that it enjoyed sovereign immunity from Martin's claims. Rubel's findings of fact and conclusions of law concerned the applicable notice and sale requirements of 26 U.S.C. Sec. 6335 and concluded that Martin's claims were meritless. Both parties' proposed orders, which reflected their findings of fact and conclusions of law, were adopted by the district court on July 15, 1992.
 
 
 11
 Martin filed a timely appeal to this court. Jurisdiction is proper pursuant to 28 U.S.C. Sec. 1291.
 
 II. Discussion
 1. Standard of Review
 
 12
 The district court's grant of summary judgment is reviewed de novo. In re Apple Computer Securities Litig., 886 F.2d 1109, 1112 (9th Cir.1989), cert. denied sub nom. Schneider v. Apple Computer, Inc., 496 U.S. 943 (1990). The district court's interpretation of 26 U.S.C. Sec. 6335 is also reviewed de novo. Goodwin v. United States, 935 F.2d 1061, 1064 (9th Cir.1991).
 
 2. Analysis
 
 13
 Martin does not contest the judgment in favor of the United States, as he recognizes that the United States is protected by the doctrine of sovereign immunity. Rather, Martin focuses his argument on the propriety of the district court's judgment in favor of Rubel. He argues, first, that the district court erred in not remanding the action to state court in light of the fact that the United States had sovereign immunity. In the alternative, he contends that the district court erred in concluding that the IRS complied with the notice and sale requirements of 26 U.S.C. Sec. 6335.
 
 
 14
 The facts before the court do not appear to be in dispute. Thus the question is whether, given those facts, Rubel was entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).
 
 
 15
 a. The district court was not required to remand Martin's quiet title claim against Rubel.
 
 
 16
 Subject matter jurisdiction is a constitutional prerequisite to maintaining a case in federal court--litigants can neither waive nor consent to subject matter jurisdiction. Clapp v. Commissioner, 875 F.2d 1396, 1398 (9th Cir.1989). The district court had original jurisdiction over this action when it was removed because it concerned the collection of internal revenue. 28 U.S.C. Sec. 1340.
 
 
 17
 When the United States is sued, however, there must not only be original jurisdiction but also a waiver of sovereign immunity. See Arford v. United States, 934 F.2d 229, 231 (9th Cir.1991). In this case, there is no applicable statutory provision under which the United States waives its sovereign immunity.[2] The United States raised the defense of sovereign immunity in its pleadings and the district court adopted its proposed order finding that the court did not have subject matter jurisdiction over the United States because of its sovereign immunity. A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir.1988), cert. denied, 489 U.S. 1052 (1989).
 
 
 18
 The general rule is that after an action has been removed to federal district court pursuant to 28 U.S.C. Sec. 1441, the court is required to remand it to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. Sec. 1447(c). The fact that the United States was dismissed on jurisdictional grounds, however, did not deprive the district court of subject matter jurisdiction over Martin's state law claim against Rubel.
 
 
 19
 Section 1367(a) of Title 28 extends federal subject matter jurisdiction to cases like this one. It provides in part:
 
 
 20
 Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution....
 
 
 21
 28 U.S.C. Sec. 1367(a). Section 1367(c) provides that a district court "may" decline to exercise jurisdiction over supplemental claims if the court has dismissed all of the claims over which it had original jurisdiction. 28 U.S.C. Sec. 1367(c)(3). Thus, a district court, in its discretion, may choose to consider pendant state claims even after the original basis for federal jurisdiction has disappeared. Imagineering, Inc. v. Kiewit Pacific Co., 976 F.2d 1303, 1309 (9th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1644 (1993). The court may also dismiss remaining state law claims. Id.
 
 
 22
 The district court had original jurisdiction over the action when it was removed because Martin's state court complaint pleaded a claim against the United States concerning the collection of internal revenue. Ultimately, the court correctly determined that the United States was entitled to sovereign immunity and dismissed the claim against the United States because it lacked subject matter jurisdiction. The quiet title claim against Rubel, however, remained.
 
 
 23
 Martin's argument that the district court was required to remand the action to state court after it granted summary judgment in favor of the United States is incorrect. Pursuant to 28 U.S.C. Sec. 1367, the court was permitted, though not required, to reach the merits of Martin's quiet title claim against Rubel.
 
 
 24
 b. The district court erred in granting summary judgment in favor of Rubel.
 
 
 25
 Section 6335 of Title 26 prescribes the procedures the IRS must follow in selling property seized to satisfy delinquent tax liabilities. These provisions require strict, literal compliance. Goodwin v. United States, 935 F.2d 1061, 1065 (9th Cir.1991).
 
 
 26
 Although we would not apply a literal reading of a statute that required a result demonstrably in conflict with the drafter's intentions, no such apparent conflict exists here.... Congress has set forth precise requirements for notice of seizure and sale of property in tax deficiency situations. "[W]hen the government seeks to enforce the laws, it must follow the steps which Congress has specified."
 
 
 27
 Id. (citation omitted) (quoting Reece v. Scoggins, 506 F.2d 967, 971 (5th Cir.1975)).
 
 
 28
 Martin argues that the sale of his property to Rubel was invalid because the IRS failed to comply with the notice requirements of Sec. 6335. The pertinent requirements are found in subsections (a) and (b):
 
 Sec. 6335. Sale of Seized Property
 
 29
 (a) Notice of seizure.--As soon as practicable after seizure of property, notice in writing shall be given by the Secretary to the owner of the property ..., or shall be left at his usual place of abode or business if he has such within the internal revenue district where the seizure is made. If the owner cannot be readily located, or has no dwelling or place of business within such district, the notice may be mailed to his last known address....
 
 
 30
 (b) Notice of sale.--The Secretary shall as soon as practicable after the seizure of the property give notice to the owner, in the manner prescribed in subsection (a), and shall cause a notification to be published in some newspaper published or generally circulated within the county wherein such seizure is made, or if there be no newspaper published or generally circulated in such county, shall post notice at the post office nearest the place where the seizure is made, and in not less than two other public places....
 
 
 31
 26 U.S.C. Sec. 6335(a), (b).
 
 
 32
 The district court found that "[t]he Internal Revenue Service sent notice of [the September 1, 1989] sale to plaintiff on August 18, 1989 and this sale took place in San Bernardino County." (Emphasis added). Rubel's statement of uncontroverted facts also declares that notice of the sale was "sent" to Martin on August 18, 1989.
 
 
 33
 Pursuant to Sec. 6335(b), the notice of sale must be provided to the owner of the property in the manner provided in subsection (a) of Sec. 6335. Subsection (a) provides that the notice must be "given" to the owner or "left at his usual place of abode or business" if that place is within the internal revenue district in which the seizure took place. The notice may be mailed to the owner only if (1) "the owner cannot be readily located," or (2) the owner "has no dwelling or place of business within [the internal revenue] district." 26 U.S.C. Sec. 6335(a).
 
 
 34
 In Goodwin, supra, IRS agents went to property that belonged to the plaintiff/taxpayer in an attempt to serve him with a notice of levy and seizure. 935 F.2d at 1063. The plaintiff was not there so the agents mailed the notices to him by certified mail. Id. The plaintiff received the notices and, thus, had actual notice of the IRS levy and seizure. Id. at 1064. Nevertheless, the court held that the seizure and subsequent sale of the property were invalid because the IRS had failed to give the plaintiff the notice required by Sec. 6335. Id. at 1065.
 
 
 35
 This case involves a procedural failure by the IRS indistinguishable from that which occurred in Goodwin. There is no evidence in the record that Martin could not "be readily located, or [had] no dwelling or place of business within [the Internal Revenue] district." 26 U.S.C. Sec. 6335(a). In fact, according to the IRS "Seizure Activity Report Data" sheet attached to Martin's brief, it appears that notice was mailed to Martin "because of his isolation, he should [not] [sic] be approached in person (danger to IRS employees), and he does sign for his cert. mail." Under the clear language of the statute, these are not permissible reasons for failing to deliver notice to Martin in person or to his home or place of business. Accordingly, as between Martin and the government, the seizure and sale of Martin's property was invalid.
 
 
 36
 In light of this conclusion, Rubel was not entitled to judgment as a matter of law on the record before the court and the judgment in its favor must therefore be reversed. The district court did not consider and the parties did not brief the question of the validity of the deed from the IRS to Rubel or whether Rubel is entitled to the property as a bona fide purchaser. This court cannot resolve these issues and offers no opinion as to their resolution because the record and the briefs are not complete. Therefore, on remand, if the district court elects to retain supplemental jurisdiction,[3] the court is to consider Rubel's ownership rights in the Martin property in light of the fact that the IRS seizure and sale was invalid.
 
 
 37
 The judgment of the district court in favor of the United States is AFFIRMED. The judgment in favor of Rubel is REVERSED and the action is REMANDED to the district court.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable William B. Shubb, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 See 26 U.S.C. Sec. 6337(b)
 
 
 [2]
 26 U.S.C. Sec. 1340 grants the court original jurisdiction to hear internal revenue cases, but it is not a waiver of the federal government's sovereign immunity. See Arford, 934 F.2d at 231. 26 U.S.C. Sec. 2410 does waive the government's sovereign immunity in quiet title actions, but only for so long as the government retains an interest in the subject property. See Hughes v. United States, 953 F.2d 531, 538 (9th Cir.1992). There is no dispute that the United States had quitclaimed its interest in Martin's property to Rubel by the time Martin filed his action
 
 
 [3]
 Nothing in this decision should be construed to foreclose the district court from remanding the claims against Rubel to the state court pursuant to 28 U.S.C. Sec. 1367(c)