131 F.3d 147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FRANK D. NEWTON; MARILYN NEWTON, Plaintiffs-Appellants,
v.
UNITED STATES OF AMERICA, Defendant-Appellee.
 No. 97-35514.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997.**
Decided Nov. 21, 1997.
 
 Appeal from the United States District Court for the District of Alaska James K. Singleton, Chief Judge, Presiding
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 SINGLETON.
 
 
 3
 Frank D. Newton and Marilyn Newton appeal pro se from the district court's grant of summary judgment in favor of the United States in their action pursuant to 28 U.S.C. § 2410 to quiet title to personal property seized for nonpayment of taxes. The Newtons contend that the district court erred by concluding that when the government sold the property two days after they filed their complaint, the government's waiver of sovereign immunity from suit expired, and the action became moot. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 4
 The government's waiver of sovereign immunity is as follows: "the United States may be named a party in any civil action or suit in any district court ... to quiet title to ... real or personal property on which the United States has or claims a mortgage or either lien." 28 U.S.C. § 2410(a). If the government sells the property and no longer claims any mortgage or lien interest prior to the filing of the suit, then this waiver does not apply. See Hansen v. United States, 7 F.3d 137, 138 n. 1 (9th Cir.1993) (per curiam); Hughes v. United States, 953 F.2d 531, 538 (9th Cir.1992). The government's sale of the property after the filing of the suit, however, does not extinguish its waiver of sovereign immunity if the government has been given notice of the suit, see Bank of Hemet v. United States, 643 F.2d 661, 665 (9th Cir.1981) (sovereign immunity waived pursuant to 28 U.S.C. § 2409a when plaintiff filed lis pendens before sale of real property and gave notice of suit at time of sale, and Treasury agents conducting sale refused service), and does not moot the action if a judgment in favor of the plaintiff still is enforceable against subsequent purchasers, see Goodwin v. United States, 935 F.2d 1061, 1063-64 (9th Cir.1991) (appeal in quiet title action not moot because even though government sold real property after district court's grant of summary judgment, plaintiff filed lis pendens prior to recording of quitclaim deed).
 
 
 5
 The Internal Revenue Service (IRS) seized Frank Newton's fishing quota certificates on July 23, 1996. The Newtons filed their complaint on August 13, 1996, and the IRS sold the certificates on August 15, 1996. The complaint was served on October 25, 1996. In response to the government's motion for summary judgment, the Newtons submitted Marilyn Newton's declaration that on August 13, 1996, they sent the complaint to the IRS by certified mail, and on August 16, 1996, they received undated return receipts.
 
 
 6
 The Newtons contend that this evidence created a genuine issue of material fact as to whether the government received notice before the August 15 sale. See Bank of Hemet, 643 F.2d at 665. Regardless, this action is moot because the Newtons' inability to file a lis pendens against their personal property makes any judgment in their favor unenforceable against subsequent purchasers. See Goodwin, 935 F.2d at 1063; see also Alaska Stat. § 09.45.940 (lis pendens may be filed in action affecting real property). Accordingly, we affirm the district court's dismissal of this action for lack of jurisdiction.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3