**KIMBERLY ASSOCIATES, an Idaho limited partnership, Plaintiff—Appellee,**

v.

**UNITED STATES of America, Defendant—Appellee,**

and

**Ann Doe and Bonnie Doe, Applicants in intervention—Appellants.**

Nos. 02–36165, 03–35422.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 2004.

Decided July 22, 2004.

---

1. Although the district court cited to § 1391(a), it is clear that it intended to refer-

ence § 1391(b).

C. Clayton Gill, Esq., Robert E. Bakes, Esq., Moffatt Thomas Barrett Rock & Fields, Chtd., Boise, ID, for Plaintiff–Appellee.

Douglas N. Letter, Attorney, DOJ–U.S. Department of Justice, Civil Division/Appellate Staff, Scott R. McIntosh, Esq., U.S. Department of Justice, Appellant Division, Washington, DC, Nicholas J. Woychick, Esq., USBO–Office of the U.S. Attorney, Boise, ID, for Defendant–Appellee.

David B. Goodwin, Esq., Warrington S. Parker, III, Michael A. Zwibelman, Robert P. Mahnke, Heller Ehrman White & McAuliffe, LLP, San Francisco, CA, Gideon Anders, Esq., National Housing Law Project, Oakland, CA, Michael F. McCarthy, Esq., Idaho Legal Aid Services, Inc., Twin Falls, ID, for Applicants in intervention–Appellants.

Before: TASHIMA, PAEZ, and BEA, Circuit Judges.

### MEMORANDUM *

This is the second time this court has considered issues concerning the extent of Appellee Kimberly Associates' contractual duty under the Emergency Low Income Housing Preservation Act of 1987, Pub.L. No. 100–242, 42 U.S.C. § 1472(c) ("ELIHPA") to provide low-income rural housing. In the earlier appeal, *Kimberly Assoc. v. United States*, 261 F.3d 864, 870—871 (9th Cir.2001) (*"Kimberly I"*), we held that the government did not legitimately exercise its sovereign power in its attempt to alter the terms of its preexisting contractual agreements with Kimberly; we remanded for additional consideration of Kimberly's

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

obligation to provide housing despite Kimberly's tender to prepay the loan.

Appellants Ann and Bonnie Doe, tenants of the federally-subsidized housing at issue in both *Kimberly I* and here, contest the district court's order denying their motion to intervene in case No. 02–36165, and the district court's quiet title judgment in favor of Kimberly, in case No. 03–35422. After Appellants filed their notice of appeal in No. 02–36165, the government entered into a settlement agreement with Kimberly and recorded a deed of reconveyance of the property. Kimberly then issued a satisfaction of judgment in case No. 03–35422, acknowledging the government's voluntary release of its lien on the Kimberly property and the government filed a voluntary dismissal of its appeal. Because the primary parties to this action have settled and Kimberly has reacquired title to the property by judgment, we dismiss as moot both of the Does' appeals.

In their proposed complaint in intervention, the Does requested declaratory and injunctive relief. The settlement agreement between the original parties and the government's transfer of title to Kimberly deprives this Court of any way to effect meaningful relief from the quiet title judgment and that appeal is likely moot. *Cf. Goodwin v. United States*, 935 F.2d 1061, 1064 (9th Cir.1991).

In any event, the substance of the Does' argument in 03–35422 was already addressed and rejected by this Court in *Kimberly I*, which stands as the law of the case. *See Jeffries v. Wood*, 114 F.3d 1484, 1488—89 (9th Cir.1997) (*en banc*). Nonetheless, the Does contend that ELIHPA bars prepayment of loans to developers under the program; that the government's agreement with Kimberly did not include an exemption from future federal legislation; and that Congress did not delegate to the Rural Housing Service the power to bargain away Congress's ability to make new laws altering the operation of the agreement.

This court held in *Kimberly I* that Congress was not acting in its sovereign capacity when it enacted ELIHPA. 261 F.3d at 870. Therefore, the question of whether the government waived its sovereign power to alter the terms of housing loans was superfluous. The government was bound by the "law applicable to private parties unaltered by the government's sovereign status." *Kimberly I*, 261 F.3d at 869.

This conclusion is not clearly erroneous and has not been supplanted by intervening authority, *see Grass Valley Terrace v. United States*, 51 Fed. Cl. 436, 440 (2002), nor have the Does proffered new evidence which would alter the outcome. The Does' contention that the Rural Housing Service lacked the authority to contract away Congress's legislative power is an issue that was disposed of in *Kimberly I*.

Because Appellants cannot succeed on their appeal from the underlying quiet title judgment, their appeal from denial of their motion to intervene, No. 02–36165, is likewise moot. "Since there is no longer any action in which appellants can intervene, judicial consideration of the question would be fruitless." *United States v. Ford*, 650 F.2d 1141, 1143 (9th Cir.1981). Accordingly, we dismiss both appeals as moot.

**DISMISSED.**