

**+Corrected 2/20/15**
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: MORTGAGES LTD., | No. 12-15229 |
| Debtor, | D.C. Nos.   2:11-cv-00853-RCJ<br>2:08-bk-07465-RJH |
| REV OP GROUP, | |
| Appellant, | MEMORANDUM* |
| v. | |
| ML MANAGER LLC, | |
| Appellee. | |
| REV OP GROUP, | No. 12-15438 |
| Appellant, | D.C. No. 2:10-cv-01819-RCJ |
| v. | |
| ML MANAGER LLC, an Arizona limited<br>liability company, | |
| Appellee, | |

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

MORTGAGES LTD.,

Debtor - In Re.

In the Matter of: MORTGAGES LTD.,

Debtor,

BEAR TOOTH MOUNTAIN
HOLDINGS, L.L.P.; et al.,

Appellants,

v.

ML MANAGER LLC,

Appellee.

No. 12-16293

D.C. No. 2:10-cv-01917-RCJ

In re: MORTGAGES LTD.,

Debtor,

QUEEN CREEK XVIII, L.L.C.,

Appellant,

v.

ML MANAGER LLC,

Appellee.

No. 12-16725

D.C. No. 2:12-cv-00036-RCJ

2

Appeal from the United States District Court
for the District of Arizona
Robert Clive Jones, District Judge, Presiding

Argued and Submitted January 16, 2014
San Francisco, California

Before: WALLACE and BYBEE, Circuit Judges, and GETTLEMAN, Senior District Judge.**

In two Opinions filed with this Memorandum, we address three of the six appeals filed by Rev Op Group, objecting investors to certain decisions made by ML Manager LLC (ML Manager), which manages and operates the loan portfolio of bankrupt debtor Mortgages Ltd. In this Memorandum, we address the other three appeals, which are from district court affirmances of four orders by the bankruptcy court that involve different legal issues than those in the two Opinions. Pursuant to the Declaratory Judgment of the bankruptcy court, ML Manager sold four properties of the estate, over Rev Op Group's objection, with the bankruptcy court's approval. Rev Op Group appealed each approval to the district court, which affirmed. Rev Op Group filed timely notices of appeal.

---

+ **The Honorable Robert W. Gettleman, Senior District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

3

We have jurisdiction over these appeals under 28 U.S.C. § 158(d)(1), and dismiss the appeals of these sales orders as equitably moot.

We treat sales orders differently than the orders subject to the other appeals for purposes of equitable mootness. Appeals from unstayed orders approving a sale to a good faith purchaser are moot except when the sale is subject to a state right of redemption, even if the appellant sought a stay and otherwise diligently exercised its appellate rights. *In re Onouli-Kona Land Co.*, 846 F.2d 1170, 1172–73 (9th Cir. 1988).

Rev Op Group sought stays of two of the sales orders in the bankruptcy and district courts, but it could not obtain stays because of the high cost of the calculated bond. Therefore, none of the sales orders Rev Op Group now challenges were stayed. Arizona does not have a state right of redemption. *Mid Kansas Fed. Sav. & Loan Ass'n of Wichita v. Dynamic Dev. Corp.*, 804 P.2d 1310, 1315 n.3 (Ariz. 1991) (in banc).

The bankruptcy court specifically found that the purchasers of the Citi Lofts and Zacher Properties acted in good faith, and the district court affirmed that finding. We accept those factual findings because they are not "clearly erroneous." *In re Filtercorp, Inc.*, 163 F.3d 570, 577 (9th Cir. 1998). The bankruptcy court did not make "explicit finding[s] of good faith" for the purchasers of the University

4

and Ash and Dysart Properties. Nonetheless, like in *Onouli-Kona*, we still conclude those purchasers bought in good faith as a matter of law, because Rev Op Group has never argued or shown that the purchasers bought with "fraud, collusion or an attempt to take grossly unfair advantage of other bidders." *Onouli-Kona*, 846 F.2d at 1173–74 (citation and alterations omitted). Thus, these appeals of unstayed sales orders to good faith purchasers are moot.

Rev Op Group makes three arguments to the contrary, which we reject. First, even though in our opinion in *Rev Op Group v. ML Manager LLC*, Nos. 12-15229, 12-15438, 12-16293 & 12-16725 we reverse the legal basis for the sales, appeals of unstayed sales orders to good faith purchasers are moot under the broader "bankruptcy mootness rule" that complements bankruptcy law regardless of whether the sales should have been made. *Id.* at 1172.

Second, even if the purchasers of the properties actually or constructively knew of Rev Op Group's disputes against ML Manager's authority, and thus bought the properties subject to Rev Op Group's claim under Arizona law, these appeals are moot because once Rev Op Group failed to obtain stays of the sales it "accepted the sale[s] as a final distribution from the collective proceeding." *Id.* at 1174. Any Arizona law that purports to retain Rev Op Group's interest in the

5

properties "preserved no rights of [Rev Op Group] that remained intact after [Rev Op Group's] failure to obtain a stay." *Id.*

Finally, Rev Op Group's legal citations are obviously distinguishable. Our decision in *Goodwin v. United States*, 935 F.2d 1061 (9th Cir. 1991) does not apply here, because that case was decided under the Internal Revenue Code, which has "no similar [bankruptcy] mootness provision." *Id.* at 1064. Moreover, we are not bound by, nor are we required to defer to, the Bankruptcy Appellate Panel's decision in *In re PW, LLC*, 391 B.R. 25 (B.A.P. 9th Cir. 2008). Regardless, that decision – which "reattach[ed]" the interests of junior lien holders to a property after it was sold "free and clear" – is inapplicable, because in that case all affected parties were "before the court, and no third-party action [was] required to reestablish" the junior lienholders' interests, whereas here, the third party purchasers are not before us. *Id.* at 34.

**APPEALS DISMISSED.**